A. G. WILLARD, *et al.,* v. PATRICK BARRY, Bishop of the Diocese of St. Augustine.

152 So. 411.
Division B.
Opinion Filed December 30, 1933.
Rehearing Denied February 2, 1934.

*Huffaker & Edwards, A. Summerlin* and *G. P. Garrett,* for Appellants;

. *J. Uhle Bethell, S. Henry Harris* and *J. E. Kennedy,* for Appellee.

BUFORD, J. — Suit was filed in Pinellas County styled Patrick Barry in his official capacity as Bishop of the Diocese of St. Augustine, a corporation sole, Complainant, v. A. G. Willard, defendant.

It was alleged in the bill of complaint that the Right Reverend Patrick Barry, Bishop of the Diocese of St. Augustine, a corporation sole, held the fee simple title to certain lands in Pinellas County, and to certain other lands in Hillsborough County, and to certain other lands in Manatee County, and to certain other lands in St. Johns County, and to certain other lands in Putnam County, and to certain other lands in Volusia County, and to certain lands in Duval

County, and to certain lands in Palm Beach County, and to certain lands in Dade County, and to certain lands in Orange County, all of such lands being particularly described in the bill of complaint.

The bill further alleged that one A. G. Willard had procured a judgment in a suit at law on a certain promissory note against Right Reverend Patrick Barry, Bishop of the Diocese of St. Augustine for the sum of $12,469.00 damages and attorney's fees, together with $16.70 costs, which judgment was procured in the Circuit Court of Polk County and that a copy of the judgment had been recorded in the proper records of Putnam County and that the Sheriff of Putnam County, R. C. Howell, had attempted to levy upon certain property in Putnam County, the title to which was in Right Reverend Patrick Barry, Bishop of St. Augustine, as a corporation sole.

To the bill of complaint there were attached certain exhibits. Exhibit "A" was a deed conveying property from "The Most Reverend Michael Joseph Curley, Arch Bishop of Baltimore, Maryland, and formerly Bishop of St. Augustine, Florida," party of the first part, and "the Right Reverend Patrick Barry, Bishop of St. Augustine, Florida, and his successors in office of the County of St. Johns, State of Florida," party of the second part.

There is also attached copy of the declaration in the suit in which judgment was rendered. That declaration declares against "Right Reverend Patrick Barry, Bishop of the Diocese of St. Augustine" and others.

There was a demurrer to the declaration and thereafter the declaration was amended so as to conform with the following order:

"The motion of the plaintiff to amend his declaration instanter by amending the phrase 'Rt. Rev. Patrick Barry

as Bishop of the Diocese of St. Augustine' to read 'Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine,' wherever the same appears in his declaration being granted, it is hereupon, after argument of counsel, ORDERED AND ADJUDGED that the demurrer of the defendant, Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, to plaintiff's declaration be and the same is hereby overruled.

"It is further ORDERED AND ADJUDGED that the defendants, Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, be and he is hereby allowed until the February Rule Day, 1929, to plead further as advised.

"Done and ordered at Bartow, Florida, this 9th day of January, 1929."

The record shows that thereafter trial was had and judgment was rendered as follows:

"IT IS THEREFORE, considered, ordered and adjudged that the plaintiff, A. G. Willard, do have and recover of and from the Defendant, the Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, the sum of Twelve Thousand, Four Hundred Sixty-Nine & no/100 ($12,469.00) Dollars, damages and attorneys' fee, together with the further sum of $16.70 as his costs in this behalf expended, for all of which said sums let execution issue. This October 15, A. D. 1929."

This judgment is shown to have been recorded in. Polk County, where it was rendered, and in Pinellas County and in the other counties where the lands described in the bill of complaint were situated. The bill sought to procure a decree of the circuit court holding the judgment to be a judgment against Patrick Barry as an individual and not a judgment against Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, as a corporation sole, and to decree that the record of such judgment in such counties

constituted no lien upon the lands belonging to or the titles to which were in Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine as a corporation sole, and to thereby remove any cloud which might appear by the record to exist against such lands in such several counties.

By supplemental bill of complaint the complainant sought to enjoin Howell as Sheriff from selling certain of the property situated in Putnam County and described in the bill of complaint under execution issued pursuant to the judgment.

Demurrer was filed by Willard which amongst other things averred:

"Second. That it affirmatively appears from the complainant's bill that the subject matter of this suit is without the jurisdiction of this court, except as to such lands involved therein as are situated in Pinellas County, Florida."

"Fifth. That said bill of complaint is not sufficient as a bill to quiet the title to lands in this State, and is so vague, indefinite and insufficient as to wholly make or state a cause for equitable relief."

Demurrer was filed by Howell as Sheriff of Putnam County, on four grounds, as follows:

"First: That it affirmatively appears on the face of said bill that the complainant seeks to quiet title to certain lands in Putnam County, Florida, which are wholly without the jurisdiction of this Court.

"Second: That it affirmatively appears from said bill that the complainant seeks to have the process of the circuit court of Pinellas County extended beyond its territorial boundaries.

"Third: That it affirmatively appears from said bill that this Court is wholly without jurisdiction as to the lands described therein which lie within Putnam County, Florida.

"Fourth: That it affirmatively appears from said bill that

the circuit court of Pinellas County is wholly without jurisdiction as to this defendant, or the subject matter of said suit insofar as the same pertains to this defendant."

The demurrers were overruled and a temporary restraining order was entered restraining each of the defendants from enforcing the judgment against any of the lands described in the bill of complaint.

The order overruling the demurrer of Howell as Sheriff was error, as the Court had no jurisdiction to control the official acts of Howell as Sheriff of Putnam County within Putnam County.

There is grave question in our minds as to whether or not the bill of complaint showed on its face that complainant was not entitled to any of the relief prayed, however, as we cannot say that the overruling of the demurrer of Willard was clearly wrong, we shall not hold adversely on that point.

The question of extra territorial jurisdiction was properly determined insofar as the purpose of the suit was within the purview of Chapter 11383, Acts of 1925, Extraordinary Session, Sections 5010 and 5011 C. G. L.

Section 12 of Article V of our Constitution provides: "The circuit courts and circuit judges may have such extra-territorial jurisdiction in chancery cases as may be prescribed by law."

Section 2 of Chapter 11383, Acts of 1925, provides that suits brought under the purview of that statute may be instituted by bill in equity "In the circuit court of any county in which any part of the said real estate is situated to have such conveyance or other evidence of claim or title canceled and such cloud, doubt or suspicion removed from such title, etc."

It is shown by the record here that the title to the lands

described in the bill of complaint was conveyed to Rt. Rev. Patrick Barry, Bishop of St. Augustine, Florida, and his successors in office by a conveyance executed by Michael Joseph Curley who describes himself in the deed as "The Most Reverend Michael Joseph Curley, Archbishop of Baltimore, Maryland, and formerly Bishop of St. Augustine, Florida."

The purpose of the suit is to procure a formal adjudication as to whether or not the judgment herein referred to constitutes a judgment against Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, Florida, as a corporation sole, or is a judgment against Bishop Barry as an individual. The defendant Willard was the owner of the judgment and it was sought to be determined that the judgment created no lien against the property described in the bill of complaint, the fee simple title to which was in Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, Florida, as a corporation sole. Therefore, it appearing that the suit is by one complainant against, insofar as the rights under the judgment are concerned, one defendant and involves an alleged cloud upon the titles to lands embraced in one conveyance to the complainant that the extra-territorial jurisdiction conferred by Section 2 of Chapter 11383, *supra,* is applicable and that the court had jurisdiction for the purpose of determining the question presented.

It is unnecessary for us to discuss the status of Rt. Rev. Patrick Barry, Bishop of St. Augustine, Florida, as a corporation sole under the law of this State because that status has been determined by this Court in the case of Reid v. Patrick Barry, 93 Fla. 849, 112 Sou. 846, wherein we said:

"Florida having by statute adopted the common law, in so far as the same is not inconsistent with our Constitution

and statutes, the common law doctrine of the corporation sole, not having been expressly or impliedly repealed by our organic or statutory law, remains in force in this State.

"At common law, a bishop was a corporation sole, and a deed to the then bishop and his successors in office was construed to convey the fee to such bishop in his corporate capacity, the use of the word 'successors' being as necessary to that end as the use of the word 'heirs' to the conveyance of an estate of inheritance to a natural person."

After demurrers were overruled Willard filed answer in which, amongst other things, he averred:

"For answer to the eighth, ninth and tenth paragraphs of complainant's bill, this defendant admits the institution of the suit in the Circuit Court, Tenth Judicial Circuit in and for Polk County, Florida, and the pleadings had thereon, but denies that the complainant was named therein as an individual, but alleges the truth to be that said complainant was named therein as a corporation sole and in the same capacity as such defendant is named in the instant suit as complainant.

"This defendant says that said motion at law was based upon a certain promissory note of Rosedale Realty Company in favor of the complainant, said complainant being named as 'Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine,' dated August 10th, 1925, due on or before three years after date, and which said note was endorsed by the complainant as 'Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine,' and by another, namely one Frank J. Senn, as is more particularly shown by the copy of said promissory note attached to complainant's original bill as Exhibit 'B' thereof.

"This defendant admits that on or about the 15th day of October, 1929, a judgment was entered in the Circuit

Court, Tenth Judicial Circuit in and for Polk County, Florida, wherein it was considered, ordered and adjudged that this defendant, A. G. Willard, should have and recover of and from the Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, the sum of Twelve Thousand Four Hundred Sixty-nine ($12,469.00) Dollars damages and attorney's fees, together with the sum of Sixteen and 70/100ths ($16.70) Dollars as costs, and which said judgment is still outstanding, unpaid and unsatisfied.

"Further answering complainant's said bill, this defendant says that said promissory note, which was the basis of the suit wherein said judgment aforementioned was entered, was given to the complainant in his official capacity as a corporation sole, and not as an individual, and by reason of a transaction or transactions having to do with the sale of certain church property at Winter Haven, Florida, and is more particularly hereinafter set forth.

"That on or about the 30th day of July, 1919, there was conveyed by the Saint Louis Catholic Benevolent and Educational Association, a corporation, organized and existing under the Laws of the State of Florida, to the Right Reverend Michael J. Curley, D. D., Bishop of St. Augustine, his assigns and successors in office, certain property in the City of Winter Haven, Florida, described as follows, to-wit: Lot Numbered Fourteen (14) and ten feet off the West Side of Lot Numbered Thirteen (13), Block Five (5) Tier Four (4) of the Original Survey of the Town of Winter Haven, Florida, by deed as of that date, filed November 6th, 1919, and of record in the Public Records of Polk County, Florida, in Deed Book 178, at page 58 thereof, as is more particularly shown by a certified copy of said deed attached hereto as a part of this answer and marked Defendant's Exhibit 'A.' That said property is the same

property as was involved in the transaction between Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, and Rosedale Realty Company and as a part of the consideration for the purchase of which the promissory note aforementioned was given.

"That the grantee named in the deed last aforesaid, to-wit, Right Reverend Michael Curley, Bishop of the Diocese of St. Augustine, on the 1st day of June, 1922, by a deed as of that date, conveyed to the complainant, Rt. Rev. Patrick Barry, Bishop of St. Augustine, Florida, and his successors in office, all churches, rectories, lands and buildings situated in the Diocese of St. Augustine within the State of Florida, as is more particularly shown by a copy of said deed attached to complainant's bill as his Exhibit 'A' thereof, whereby and by virtue of which deed title in and to said lands described in the foregoing paragraph became vested in the complainant.

"That thereafter and on the 10th day of August, 1925, the complainant, being so seized and possessed of said lands, caused the same to be conveyed by deed as of that date to Rosedale Realty Company, Inc., the complainant executing said deed as Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, which said deed was filed for record in the Public Records of Polk County, Florida, where the same appears in Deed Book 314, at page 177 thereof, all of which is more particularly shown by a certified copy of said deed attached hereto as a part hereof as this Defendant's Exhibit 'B.'

"That to evidence the balance due on the purchase price of said property by Rosedale Realty Company from Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, said Rosedale Realty Company, Inc., executed and delivered to the said Rt. Rev. Patrick Barry, Bishop of the

Diocese of St. Augustine, the promissory note in question, and which note forms the basis of the judgment in question; that to secure said promissory note, Rosedale Realty Company, Inc., on the 10th day of August, 1925, executed and delivered to Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, its mortgage deed encumbering said Lot Fourteen (14) and ten feet off the West Side of Lot Thirteen (13), Block Five (5) Tier Four (4) of the Original Survey of the Town of Winter Haven, which said mortgage deed was acknowledged for record and filed for record on the 27th day of November, 1925, in Mortgage Book 159, at page 176, as is more particularly shown by a certified copy of said mortgage deed attached hereto as a part of this answer and marked this Defendant's Exhibit 'C.'

"That thereafter said Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, by endorsement under his hand, caused said promissory note to be assigned to one Frank J. Senn, and on the 30th day of October, 1926, by Assignment of Mortgage, as of that date, the said Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, caused to be assigned to said Frank J. Senn a certain mortgage from Rosedale Realty Company, Inc., to the said Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, encumbering the lands aforesaid, which said assignment was filed for record in the Public Records of Polk County, Florida, in Assignment of Mortgage Book 313, at page 28 thereof, as is more particularly shown by a certified copy of said assignment attached hereto as a part hereof and marked this Defendant's Exhibit 'D'; that in the assignment the said Rt. Rev. Patrick Barry purported to be acting in his official capacity as Bishop of the Diocese of St. Augustine and so executed said assignment and attached to said

assignment his bishop seal, as is more particularly shown by said certified copy of assignment last aforementioned.

"That thereafter the said Frank J. Senn, by endorsement under his hand, caused said promissory note to be assigned to this defendant, and on the 17th day of November, 1927, assignèd said mortgage of Rosedale Realty Company, Inc., to the Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, to this defendant by assignment as of that date, of record in the Public Records of Polk County, Florida, in Assignment of Mortgage Book 325, at page 188, as is more particularly shown by certified copy of said assignment attached hereto as a part of this answer as this Defendant's Exhibit 'E.'

"Further answering complainant's said bill, this defendant says that at the time of the transaction with Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, to Rosedale Realty Company, Inc., or shortly prior thereto, there was situated upon the lands above described a church building which was used by the congregation of the Roman Catholic Church of Winter Haven, Florida, as a place of worship; that said property was church property; and that all. acts and doings of the complainant and his predecessor, Right Reverend Michael J. Curley, with reference to said property was done as a corporation sole, and that the complainant in exercising his dominion over said property as such legal entity described himself as "Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine," as is more particularly shown by the certain copies of the several instruments as mentioned, which are made parts of this answer.

"Further answering complainant's said bill, this defendant would show that he relied upon said transactions and representations and the strength of the credit of the Rt.

Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, a corporation sole, in purchasing said promissory note and mortgage of and from the said Frank J. Senn as aforementioned, and that but for which said representations and endorsements of said note by the complainant and the reliance placed thereon by this defendant, this defendant would not have purchased said promissory note. This' defendant says that the complainant, by reason of his acts and doings in the premises, is now estopped from asserting as against this defendant that his acts and dealings with reference to said property and said promissory note and mortgage were done in a personal capacity and not as a corporation sole."

The Exhibits were attached as stated.

The assignment of the mortgage from Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, to Frank J. Senn was executed in the following manner.

> "Rt. Rev. Patrick Barry (Seal)
> Bishop of the Diocese of
> St. Augustine.   (Seal)
> (Bishop's Seal)"

The note sued on was payable to the "Right Reverend Patrick Barry, Bishop of the Diocese of St. Augustine or order" and was endorsed "Right Reverend Patrick Barry, Bishop of the Diocese of St. Augustine."

In his answer Willard prayed for affirmative relief as follows:

"*Wherefore,* this defendant, being without remedy in the premises, save in a court of equity, and for affirmative relief prays that this Court may inquire into the subject matter hereof, and that upon the final hearing hereof this Court may adjudge and decree that the judgment so held by

this defendant is against the complainant as a corporation sole, and that the several lands mentioned and described by complainant in his said bill are subject to the lien of this defendant's said judgment; and that this defendant may have such other and further relief in the premises as equity may require."

Motion was interposed to strike the fifth paragraph of the defendant's answer, which was the paragraph of the answer heretofore quoted, and also to strike the prayer contained in the answer. The motion was granted and that paragraph of the answer and the prayer of the answer was stricken. Appeal was taken from this order and also from orders overruling the demurrers hereinbefore mentioned. We think that the stricken paragraph of the answer is responsive to the allegations of the bill of complaint and, if the allegations of the answer should be sustained by proof, the bill of complaint should be dismissed and the prayer of the answer should be granted. The allegations of the answer, if proven to be true, constitute a sufficient basis for an adjudication that the judgment which the complainant contends is ambiguous is a judgment against the corporate sole and not a judgment against the individual. That a suit in equity may be maintained for the purpose of such an adjudication is not questioned.

For the reasons stated, the orders appealed from, except that order which overruled the demurrer of Willard, should be reversed and it is so ordered.

Reversed.

DAVIS, C. J. and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., absent and not participating because of illness.

## On Rehearing

Per Curiam.—In this case petition for rehearing has been filed in which the appellee appears to take issue with that part of the original opinion which holds:

"The order overruling the demurrer of Howell as Sheriff was error, as the Court had no jurisdiction to control the official acts of Howell as Sheriff of Putnam County within Putnam County."

Of course, it is apparent that the motion violates the rules in this regard, but we overlook that infirmity and suggest that the contention of counsel is not tenable. If the Sheriff of Putnam County has an execution in his hands for service that execution is controlled by the execution creditor and the Sheriff has no interest in the execution. Therefore, an injunction against the execution creditor proceeding to have levied his execution against any particular property would effectually preclude the levying of the execution. For this reason, there can be no possible basis for the assertion that the Sheriff of a County, or that sheriffs of many counties other than the one in which the suit is filed, is or are, necessary or proper parties to the suit, or that it is necessary for the extra-territorial jurisdiction of the court to be extended so as to reach such officers in order that the court may not be interfered with and the status of the property involved changed *pendente lite*.

Therefore, the petition for rehearing should be denied. It is so ordered.

Davis, C. J., and Whitfield, Ellis, Terrell and Buford, J. J., concur.