Patrick Barry, in his official capacity as Bishop of the Diocese of St. Augustine, v. A. G. Willard, Frank J. Senn, Magdelen R. Senn and Exchange National Bank of Winter Haven, Florida.

163 So. 689.
Opinion Filed November 1, 1935.

*Harris & Kennedy* and *J. Uhle Bethell,* for Appellant;
*Huffaker & Edwards* and *George P. Garrett,* for Appellees.

Per Curiam.—This is the third appearance of phases of this case in this Court. See Willard v. Barry, 113 Fla. 402, 152 Sou. 411; Willard v. Barry, 117 Fla. 203, 157 Sou. 666.

The bill of complaint sought to impound certain collateral alleged to be the property of Frank J. Senn in the hands of A. G. Willard for the use and benefit of the complainant, and prayed that a certain judgment obtained by Willard against the complainant should be decreed to be paid by Frank J. Senn and that the judgment should be enforced to the same extent that the same is enforceable against the complainant out of and from a certain mortgage described in the bill of complaint and that such judgment may

be decreed to be a lien upon certain described property to the extent of the amount of $9,000, the principal amount of the lien and mortgage placed ·upon the same by the defendant, Frank J. Senn, and that such lien may be enforced · in this proceeding upon such premises to the amount and extent of Nine Thousand ($9,000.00) dollars, together with interest thereon.

In short, the bill alleges that the complainant was the payee of a certain note which should have been payable to Frank J. Senn and that the complainant endorsed the note to Frank J. Senn; that Frank J. Senn afterward sold, transferred and assigned the note to Willard; that thereupon Willard, being an endorsee in due course and owner and holder of the note, sued the complainant Barry and procured a judgment on Barry's endorsement of the note, which judgment was affirmed by this court.

The purpose of the present suit was to have a decree in equity holding Senn responsible to Barry for the amount of the judgment and subjecting the property of Senn to the payment of the judgment.

The appeal is from an order denying temporary injunction and granting motion to dismiss the bill of complaint. It is certain that the bill states no equity against Willard. Neither do we find that it states any enforceable equity against Senn. It is true that under the allegations of the bill it appears that Senn took an unfair advantage of Barry and procured his endorsement to Senn of a note made payable to Barry and that Senn. derived valuable consideration for that note when he assigned it to another. .

In other words, it appears from the allegations of the bill that Senn procured a valuable note from Barry for nothing; that in turn Barry had parted with no consideration for the note; that Senn disposed of the note to his

own advantage and profit as a subsequent endorser and that the last endorsee of the note chose to collect the debt out of the endorser, Barry, which appears to leave Barry with the naked right to sue the maker of the note.

As it may be needful that Senn be made a party to any suit that Barry might be advised to institute against the maker of the note, the order dismissing the bill of complaint as to Senn should be without prejudice. Therefore, the Order of the Chancellor is directed to be modified so as to make the dismissal as to Senn without prejudice and, when so modified, the order appealed from will be affirmed.

So ordered.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.