——o——

Godfrey Jones, Respondent, vs. I. A. Dodge, Appellant.

1. *Replevin for ungathered corn.*—To sustain an action of replevin the property must be susceptible of seizure by the officers, and delivery to plaintiff. And accordingly, such action brought for a certain number of bushels of corn, was held not to lie when the crop was standing ungathered in the field. (Compare Kaufman vs. Schilling, 58 Mo., 218.)

*Appeal from Bates Circuit Court.*

*C. C. Bassett,* for Appellant, cited, Morris Replev., 77 ; Gray vs. Parker, 38 Mo., 160 ; Pilkington vs. Trigg. 28 Mo., 95 ; Cross vs. Hulets, 53 Mo., 397 ; Kaufman vs. Schilling, 58 Mo., 218.

*A. T. Holcomb and William Page,* for Respondent, cited, Kaufman vs. Schilling, 58 Mo., 218 ; Henderson vs. Lauck, 21 Penn. St., 359 ; Young vs. Miles, 20 Wis., 646 ; Kimberly vs. Patchin, 19 N. Y., 330 ; Inglebright vs. Hammond, 19 Ohio, 346 ; Ryder vs. Hathaway, 21 Pick., 304–5 ; Eldred vs. The Oconto Co., 33 Wis., 141 ; Gardner vs. Dutch, 9 Mass., 407.

NAPTON, Judge, delivered the opinion of the court

This was a suit before a justice of the peace, under § 1 of art. 3 of the act concerning justice's courts, providing for claims for specific personal property, a substitute in fact for the ancient writ of replevin.

The claim was for 450 bushels of corn, in a field of some fourteen or fifteen acres, and was based upon a sale made by the tenant, who raised the corn, to the plaintiff. One-third of the crop belonged to the defendant, who was the landlord, and one hundred bushels belonged to one White and defendant. The latter had been gathered and cribbed. No other corn had been gathered, but the rest was all standing in the field, when this action was brought.

The only question in the case is, whether such an action can be maintained ; and as in our opinion it could not be, the various other questions raised in the case need not be noticed.

To sustain an action of replevin, the property must be susceptible of seizure by the officers, and delivery to plaintiff. In Kauffman vs. Schilling (58 Mo., 218) it was held, that where goods of the same nature, such as oats, corn and wheat, were so mixed as to render the identification of each particle impossible, but a division of equal value could readily be made,

24—VOL. LXI.

so as to enable the officer to give the plaintiff his share, replevin might be maintained. But in that case the oats had all been gathered and threshed out, and were in a pile. from which the fifteen bushels claimed could easily be measured and delivered to the claimant. In the present case no such division was practicable, nor was it attempted. The corn was standing in the field ; the defendant owned one-third of the crop, which the tenant had agreed to gather and crib, and there were one hundred bushels already gathered, belonging to a third person, not a party to this suit.

The motion to dismiss, made in the justice's court was properly sustained. The judgment of the circuit court is reversed. The other judges concur.