JAMES W. BRUMFIELD *v.* ENOCH HOOVER.

[43 South., 951.]

1. REPLEVIN. *Jurisdiction. Amount in controversy. Value of property.*

In replevin, the value of the property seized, and not the amount of the debt for which the seizure is made, determines the amount in controversy as regards jurisdiction.

2. SAME. *Parties. Sales. Reservation of title.*

One who sells to his partner, with a reservation of title until payment, his undivided interest in partnership property previously sold by the firm with a like reservation of title, may, on default of the firm's vendee, whose purchase money notes are held by him as collateral security, maintain replevin for the property without making his partner a party. *Biddle* v. *Paine*, 74 Miss., 497, and *Journey* v. *Priestly*, 70 Miss., 586, distinguished.

FROM the circuit court of Lawrence county.

HON. ROBERT L. BULLARD, Judge.

Brumfield, the appellant, was plaintiff in the court below; and Hoover, the appellee, was defendant there. From a judgment in favor of defendant, the plaintiff appealed to the supreme court.

The plaintiff instituted replevin to secure possession of certain personal property in the defendant's possession. The opinion states the facts except that it should be noted that the notes of Hoover had been assigned to Brumfield as collateral security for Anthony's notes. At the close of the testimony for the plaintiff, the court sustained a motion of defendant to exclude the evidence and instruct the jury to return verdict in defendant's favor, on the ground that the court had no jurisdiction under the circumstances.

*Hilton & Hilton,* and *Chalmers Alexander,* for appellant.

Appellant sought, by replevin, to secure possession of personal property alleged in his affidavit to be worth over $200 in value; and the sheriff's return of the writ of replevin showed his official valuation of the property taken in custody by him to be above $200. The undisputed evidence showed the value of the personalty, consisting of several yokes of oxen, and a wagon to be worth over $200; and there is nothing to bring up any question of *mala fides* in appellant's estimate of valuation in his affidavit in replevin or in his testimony. But because it appeared that the appellant's right to possession, that is, his right to institute replevin proceedings, was based upon reservation of title in a promissory note executed by the appellee to W. S. Anthony Lumber Company or order, and, at the time of institution of suit, in the hands of appellant as collateral security, the note being only for $66.66, the lower court held that the circuit court had no jurisdiction.

It is difficult to see how the lower court came to such conclusion. True, the promissory note, containing the reservation of title of the property in issue, was for a sum less than $200, the limit of the circuit court's jurisdiction in suits on contract, debt, etc., but the affidavit in replevin distinctly stated that the property involved, to-wit, the four yokes of oxen and the eight-wheeled wagon, was worth $323. The suit was in replevin, not in assumpsit. Code 1892, § 3707, expressly states that the plaintiff in replevin shall state the value of the property in issue, and that a writ shall be issued to the proper officer "returnable, as a summons, before the proper circuit court when the value exceeds $200."

It would appear that the lower court constantly and erroneously kept in mind, during the trial, that the small promissory note for $66.66, executed by Hoover, and on which, because of the reservation of title therein, appellant claimed a right to the replevin proceeding, was introduced in evidence by appellant as an evidence of *debt,* and not as evidence merely

of *title.* Counsel for appellant distinctly showed their sole purpose in introducing it. But the lower court, with the figures, "$66.66," in its mind, and its legal eye, figuratively speaking, on Code 1892, § 645, which declares that $200 shall be the limit of low water jurisdiction in a circuit court as to suits originally brought therein, seemed led astray by the case of *Biddle* v. *Paine,* 74 Miss., 497, s.c., 21 South., 250, and sustained the appellee's motion to exclude the evidence and award a judgment for appellee. Yet, in the case of *Biddle* v. *Paine,* WHITFIELD, C. J., distinctly called attention to the difference between that case, an attachment suit for rent, and the usual replevin suits instituted under ch. 114 of the Code of 1892, on "Replevin," his opinion stating that "as pointed out in *Maxey* v. *White* and *Towne* v. *Boarman,* this (a tenant's replevin) suit is unlike the ordinary action of replevin. There the value of the *property* is the test of jurisdiction; here (*i. e.,* in the tenant's replevin suit) the amount *distrained* for; there, not guilty, is the plea; here, it is *non cepit,"* etc. Had the learned circuit judge below carefully read *Ball* v. *Sledge,* 82 Miss., 749, s.c., 35 South., 214, he would have found a sledge-hammer decision on the very nail head in issue, to the effect that the *affidavit* determines the jurisdiction, as concerns the value of property sued for, unless the plaintiff knowingly undervalued or overvalued it for purpose of securing jurisdiction. See also *Fenn* v. *Harrington,* 54 Miss., 535; *Dederick* v. *Wolfe,* 68 Miss., 504, s.c., 9 South., 350; Tiffany on Sales, 549; B. & A. Digest, p. 1048.

Appellee, however, contends that the question of parties is here concerned, and that as appellant was merely a holder of the note as bailee, Anthony, the other partner of the Anthony Lumber Company, the payee of the note, should have been a party. It may be that Anthony might have brought the suit under the assignment; but Brumfield not only had the right, but it was, in fact, his duty to Anthony, to collect the money due from Hoover by this method. B. & A. Digest, p. 1048.

A pledgee must use diligence, and take necessary steps for protection of parties. *McLemore* v. *Hawkins,* 46 Miss., 715; *Jones* v. *Hicks,* 52 Miss., 682; *Selleck* v. *Compress Co.,* 72 Miss., 1019, s.c., 17 South., 603.

The case of *Journey* v. *Priestly,* 70 Miss., 586; s.c., 12 South., 199, a chancery suit, relied upon by opposing counsel, is not in point. In that case it was necessary to invoke chancery jurisdiction because Priestly had purchased an undivided interest in partnership property, and an accounting was necessary.

*Livingston & Cowart,* for appellee.

Code 1906, § 702 (Code 1892, § 645), states that "the circuit court shall have original jurisdiction in all cases when the principal of the amount in controversy exceeds $200." Now, did the amount of the principal here amount to that sum? We answer, with the record, that it did not, but that, on the contrary, it amounted only to $66.66; and evidenced by a promissory note which had been assigned as collateral security for payment of a series of notes of $189.65 each.

Code 1906, § 706 (Code 1892, § 649), provides that if a suit shall be brought in the circuit court for a sum less than the court can take cognizance of, or if a greater sum than is due shall be demanded, on purpose to confer jurisdiction, the plaintiff shall be nonsuited. The appellant admits in his testimony that he brought this suit when he well knew that at the very most only $189.65 of the primary debt was due, thus showing a wilful disregard of the rights of appellee.

Appellant, at the most, had only a limited interest in the property replevied, that interest being confined to $66.66. Code 1892, § 3726; Code 1906, § 4233.

The reservation of title to the property in question was only as security for an unpaid balance. In proceedings to subject the property, in a case such as this, due regard must be had to the equitable rights of the purchaser. *Foundry Co.* v. *Pas-*

*cagoula Ice Co.,* 72 Miss., 608, s.c., 18 South., 364. But here is a case at bar where the appellant not only failed to regard the equity of the purchaser, but also failed to regard the equity of W. S. Anthony, who, we submit, had an interest in the property.

Under the law of primary and secondary liability, ought not the appellant to have exhausted his remedy against Anthony, the maker of the $189.65 note payable to the appellant, Brumfield or bearer? Brumfield held the appellee's note for $66.66, payable to W. S. Anthony Lumber Company or order, solely as collateral security. And it was solely because of the reservation of title therein to the property that the appellant makes claim to the right to replevy.

We think that where the assignment of a note is not absolute the assignor should be made a party to the suit brought by the assignee to enforce the chose assigned. *Journey* v. *Priestly,* 70 Miss., 586, 12 South Rep., 799.

CALHOON, J., delivered the opinion of the court.

This is an action under the general statute of replevin, brought by Brumfield against Hoover. The value of the property seized by the sheriff under this writ of replevin was $323. The seizure, however, was based upon the nonpayment of a note of $66.66, which, if that were determinative, would be within the jurisdiction of a justice of the peace. The facts are not disputed, and are these: Brumfield and one Anthony had been partners, and while so partners sold the property in controversy to Hoover, and took from Hoover a series of notes for $66.66, payable to the partnership, or order, and in each note it is specified that the title and ownership of the property should remain in the partnership until the note was paid. Subsequently Anthony bought all the interest of Brumfield in the partnership property. For this interest Anthony gave a series of promissory notes for $189.65, each payable to Brumfield, or bearer, in which it is also specified that the title to an undi-

vided half interest is retained by Brumfield until each and every dollar should be paid. It turned out that Hoover failed to pay one of his notes, and thereupon Brumfield instituted his action of replevin in the circuit court, under which the whole of the $323 worth of property in Hoover's possession was seized by the officer.

The circuit court had jurisdiction, it being determined by the value of the property seized. It was unnecessary in this action at law to make Anthony a party. It may be that Anthony might himself have brought the suit under the assignment; but Brumfield not only had the right, but it was his duty to Anthony, to realize the money due from Hoover by this sort of an action. See Brame & Alexander's Digest, on page 1048, paragraphs Nos. 18, 25, 27, 35. It will not do to confuse this case with that of *Biddle* v. *Paine,* 74 Miss., 497, 21 South., 250. The distinction between the general action of replevin and the particular one under the statute in reference to distress by landlords is plainly marked out by judge WHIT-FIELD, speaking for the court in that case. Neither will it do to confuse this case with that of *Journey* v. *Priestly,* 70 Miss., 586, 12 South., 799. In that case it was necessary to invoke the jurisdiction of equity, because Priestly had bought an undivided interest in partnership property, and that interest had to be ascertained by an action. But in that case Judge CAMP-BELL, in the conclusion of his opinion, shows that, if the purchase had been of specific articles, the general action of replevin could have been sustained. The case before us is not to try title, but the right to possession.

*Reversed and remanded.*