CAHN *v.* WRIGHT.

[80 South. 494, Division A.]

1. FORCIBLE ENTRY AND DETAINER. *Appeal. Bond.*

Where a defendant appealed to the circuit court from an unlawful entry and detainer court and gave an appeal bond, "conditioned to pay such judgment as the circuit court may render against him," such a bond did not obligate the sureties to pay the cost of plaintiff's appeal to the supreme court from the

circuit court's judgment for defendant, which appeal resulted in the case being reversed and remanded.

2. SAME:
Sureties are liable only in accordance with their undertaking.

APPEAL from the circuit court of LeFlore county. HON. J. A. TEAT, Special Judge.

Suit by Mrs. Rose M. Cahn against Samuel Wright, Judgment for defendant in circuit court, on appeal from unlawful entry and detainer court, reversed and remanded by supreme court. On motion to retax cost.

The facts are fully stated in the opinion of the court.

*Gwin & Mounger,* for appellant.

This was a suit for unlawful entry and detainer, begun in the court of W. H. Cooley, a justice of the peace of LeFlore county, by the appellant, Mrs. Rose M. Cahn. In the justice of the peace court, the judgment was for the plaintiff, and the defendant, appellee, appealed to the circuit court of the county, giving the bond with *supersedeas,* with Alfred Stoner, A. M. Stoner, since deceased, and W. M. Whittington as sureties.

The trial in the circuit court resulted in a judgment for the defendant and the appellee appealed to this court. The case was decided by the court on a former day and was reversed and remanded. Thereafter the clerk taxed the costs, but taxed the same against appellee, Samuel Wright, alone, and the execution therefor having been returned *nulla bona,* the clerk has since retained the mandate, acting, presumably, under rule No. 29 of the court.

Of course, the costs should be taxed against the appellee and the sureties on his appeal bond in the lower court above mentioned. This is too well settled to need argument. The motion, we insist, should be granted.

CAMPBELL, C. J: "The surety for costs is liable for costs accrued in the case in this court, to which the defendants below were compelled to resort to free them· selves from the erroneous decree against them, which the complainant was enabled to obtain by means of security for costs, but for which this case would have been dismissed. There is nothing in the statute, or the obligation assumed by the surety, limiting his liability to the costs of the court in which the suit was pending when the security for costs was given, and justice requires that he be held liable for all the costs accrued in the case adjudged against his principal. This is the extent of his undertaking. *Smith* v. *Lockwood,* 34 Wis. 72; *Traver* v. *Nichols,* 7 Wend, 434; *Dunn* v. *Sutliff,* 1 Mich. 24." *Martin* v. *Kelly,* 59 Miss. 652-65.

*Gardner, McBee & Gardner,* for appellee.

We call attention to the fact that this is an action of "unlawful detainer and entry," which was begun in the justice court of this county by appellant, against appellee to recover possession of a certain dwelling house in the city of Greenwood. There was judgment in favor of appellant, for the possession of this dwelling house, when appellee prosecuted an appeal to the circuit court and gave the appeal bond required by section 82 of the Code, for an appeal in an action of "Unlawful Entry and Detainer."

By reference to this section, it will be noted that it provides in an appeal from a judgment in an action of unlawful entry and detainer, that the amount of the appeal bond must "be in a penalty double the amount of rent recovered, but never less than two hundred dollars, payable to the opposite party, conditioned for payment of such judgment as the circuit court may render against him, etc."

This section also provides that an appeal shall operate as a *supersedeas* and further, provides ''and on the trial in circuit court, the plaintiff may claim for all arrears of rent due at time of such trial, or for the use and occupation of the premises up to that time, and the court shall cause judgment to be entered against the defendant and the sureties on the appeal bond, for the amount found to be due, and award a *fieri facias* thereon, with legal interest and all costs; but the judgment against the surety shall not exceed the penalty of the appeal bond.''

In this connection, we call attention to the appeal bond which was given in the justice court, which was in the sum of two hundred dollars, and which conforms literally to the statute by providing: ''Now if the said Samuel Wright shall pay such judgment as the circuit court may render against him, then this obligation is to be void; otherwise, to remain in full force and effect. Witness our hand, this 12th day of March, 1913.''

We have quoted from the appeal bond in order that the court may see that it was never the purpose nor intention of the appellee, in giving this appeal bond, nor of his sureties in signing it, to provide for any costs that might accrue from an appeal on an adverse judgment in the circuit court to the supreme court. This bond was given, and intended, as the statute required, to operate as a *supersedeas* of the judgment in the justice court, and for the purpose of enabling appellant, should he have succeeded in the circuit court, to recover judgment for any rents that might have accrued after this appeal had been taken. This was a *supersedeas* bond, and not a cost bond. This section of the code has recently been strictly construed by this court in the case of *Simpson* v. *Boykin,* decided by Division B on the 25th of November, 1918. We call attention to it.

We respectfully submit that the authority quoted by the attorney for appellant, to wit, *Martin* v. *Kelly,* 59 Miss. 652, is not in point, and has no bearing on the merits of this controversy. In the case referred to, there was a cost bond given in the chancery court, so that when appeal was prosecuted to the supreme court, necessarily the cost bond given in the chancery court covered all costs that accrued from an appeal from that court. The condition of the cost bond is quite different from that of the *supersedeas* bond, in the justice court, as in this case.

The obligation which appellee and his sureties assumed, when they gave the appeal bond in the justice court, "was to pay such judgment as the circuit court may render against him." This is the extent of the obligation, and we deny that appellant has any right to ask that the judgment in this court be amended now, nearly three years after its rendition, by including the sureties to the *supersedeas* bond in the justice court. The very condition of the cost bond, which is construed in the opinion cited by appellant, recites that it was given for "all costs accrued, or to accrue in such suit."

Appellee and his sureties have never given any bond with any such conditions as these, and we contend that the obligation of the sureties cannot be extended beyond the plain purpose and intention for which it was given, that the liability of sureties must be strictly construed, It is unnecessary to quote any authority to sustain this contention.

SMITH, C. J., delivered the opinion of the court.

This is a motion to correct a judgment rendered at the March term, 1916, of this court. This suit was one begun in a court of unlawful entry and detainer in which there was a judgment for the plaintiff. The

defendant appealed to the court below, a circuit court, his appeal bond being conditioned "to pay such judgment as the circuit court may render against him." The defendant having obtained a judgment in the court below, the cause was appealed to this court by the plaintiff, and at the March term, 1916, thereof, it was ordered and adjudged that the judgment of said circuit court rendered in this cause at the May term, 1913, on the 22d day of May, 1913, be and the same is hereby reversed, and this cause remanded, and that appellee do pay the costs of this appeal to be taxed, etc.

This motion, which was filed during the present term, "moves the court to retax the cost in this cause and to tax same against the appellee, Samuel Wright, and Alfred Stoner and W. M. Whittington, sureties on the appeal bond of the appellee, etc.," executed by the appellee in order to transfer the cause from the unlawful entry and detainer court to the court below.

Two questions are presented to us by the motion: First, should the sureties on the appeal bond executed by the plaintiff in order to transfer the cause from the unlawful entry and detainer court to the circuit court have been taxed with the costs incurred on the appeal from the circuit court to this court? And, second, should that question be answered in the affirmative, can the judgment rendered by this court at the March, 1916, term thereof, be now corrected so as to tax them therewith?

The bond here in question in compliance with the statute regulating appeals from an unlawful entry and detainer court to a circuit court is conditioned, not to pay such judgment as the supreme court may render, but such as may be rendered by the circuit court, and, since sureties are liable only in accordance with their undertaking, the first question must be answered in the negative. 15 C. J. 227.

The case of *Martin* v. *Kelly,* 59 Miss. 652, is not here in point for the reason that the bond there in question was a bond for costs, executed in the court below under the provisions of section 572, Revised. Code of 1871, and was conditioned to pay ''all costs accrued, or to accrue, in such suit;'' and the costs which accrued in this court on appeal thereto were, of course, necessarily held to have accrued in the suit, there being no provision either in the statute or the bond limiting the liability of the sureties to the payment of costs which might accrue in the court of first instance. The judgment rendered in this court was as much a proceeding in the suit as that rendered in the court below.

The negative answer to the first question renders an answer to the second unnecessary.

*Overruled.*