W. T. RALEIGH Co. v. ROTENBERRY et al.

(Division B. Nov. 11, 1935. Suggestion of Error Overruled Jan. 13, 1936.)

[164 So. 5. No. 31895.]

Kermit R. Cofer, of Water Valley, for appellant.

R. F. Kimmons, of Water Valley, for appellees.

322

**Griffith, J.,** delivered the opinion of the court.

Appellant is a manufacturer and seller of proprietary medicines, extracts, and the like. One Gibson was a local retail dealer for appellant, and appellees were the accommodation sureties on a contract of suretyship executed unto appellant in behalf of said local retail dealer, in which contract the appellant is referred to as the seller, and the local retail dealer as the buyer. The dealer or buyer failed to pay a balance said to be due by him to appellant, and suit was instituted against the buyer and the sureties. The proof showed that payment had been made for all purchases subsequent to the execution of the contract of suretyship, and the question now requiring review is in respect to a balance of indebtedness claimed as having been incurred prior to the date of the execution of the said contract. In that respect the contract provided as follows: "And we also specifically promise and agree to assume and pay any and all prior indebtedness that may be due and owing said seller on the date of the acceptance of this contract, as shown by Seller's Books, for any and all goods, wares and merchandise previously sold to said buyer under

and by virtue of any and all previous contracts or agreements.''

A gratuitous surety is a favorite of the law and the contract must be strictly construed to impose upon the surety only the burdens clearly within the terms of the contract, so that it cannot be extended by implication, presumption, or construction. 50 C. J., pp. 78, 79; 21 R. C. L., pp. 975, 976. The contract of suretyship in this case has three essential features: It is to pay (1) the prior indebtedness of the dealer (2) for any and all goods previously sold to said dealer, and the two foregoing features must be (3) shown by the seller's books. The contract made the seller's books the evidence upon which the liability was to be shown. The contract cannot be extended by construction so as to show the liability, or either of the two required elements of that liability, by any other means than the seller's books. The books must themselves furnish the information required with reasonable certainty without the aid of parol testimony or loose-leaf memoranda kept otherwise than in and as a part of the books themselves. The contract refers, of course, to account books, and an account book is defined in its simplest terms as a volume bound or sewed together in which accounts are regularly kept, and as said in Bookout v. Shannon, 59 Miss. 378, 384, it must be a book of accounts and not a collection of loose and indeterminate memoranda; and although the term may now include the modern book of detachable leaves, these leaves must be of such appropriate uniformity of material as to constitute in a reasonable sense the leaves of the account book in which they are contained and kept.

The books of account introduced by the seller carried the alleged account in this case in the following form of entries:

"1928  Nov. 19  M          208.66
           21  M           50.00

| Dec | 1 M | 22.07 |
| | 12 M | 31.82 |
| | 19 M | 41.49," and so on. |

Of such an account this court said in Finck & Co. v. Brewer, 133 Miss. 9, 14, 96 So. 402, 403: "We cannot tell from it the character of goods purchased. It is really but a string of figures, from which the defendants cannot tell for what they are charged." See, also, 22 C. J., p. 872, sec. 1049.

It may be that if it were shown by the testimony that the letter M as used in these books is well known and understood in the particular trade as meaning merchandise, and if in addition there were set opposite to each such item an entry upon the book giving the invoice or order number covering that item, so as thus by reference to make the particular invoice or order a fixed and permanent part of the book entry, we might or might not hold that the orders and invoices, which the appellant attempted to use in this case supplementary to the books, would be admissible. But there is no such testimony and no such entries on the books. So far as the so-called book entries are concerned, and so far as they themselves show, the items may have been for money advanced to the buyer, or, if goods, may have been intoxicating liquors or some other contraband; and as we have already noted the liability of an accommodation surety may not be extended by presumptions.

Affirmed.