WINGO-ELLETT & CRUMP SHOE CO. *v.* NAAMAN.

(Division A.   April 27, 1936.)

[167 So. 634.   No. 32225.]

**Osborn & Lott,** of Greenwood, for appellant.

Gardner, Denman & Everett, of Greenwood, for appellee.

Argued orally by **Frank Everett**, for appellee.

**Cook, J.,** delivered the opinion of the court.

In the county court of Leflore county the appellant sued the appellee on a guaranty reading as follows:

"Greenwood, Miss. August 27, 1928.
"Wingo-Ellett & Crump Shoe Co. Richmond, Va.

"Dear Sir: I hereby guarantee every dollar George Samaha buys for the George Merc. Co. at Tchula, Miss. not exceeding $500.00.

"Sincerely

[Signed] Mrs. A. Naaman

"P. S. Ship to George Mer. Co., Tchula, Miss."

The county court rendered a judgment against the appellee for the sum named in this guaranty, from which she appealed to the circuit court. In the circuit court the judgment of the county court was reversed and a trial *de novo* awarded. On the trial in the circuit court, by agreement, the cause was submitted to the court, without a jury, on the transcript of the evidence offered in the county court, and a judgment was entered in favor of appellee, from which this appeal was prosecuted.

The record discloses that after the execution of the said guaranty, and prior to his bankruptcy in December, 1931, George Samaha purchased from appellant more than nine thousand dollars worth of shoes and paid thereon more than eight thousand dollars, leaving a balance of eight hundred sixty dollars and sixty-three cents due, upon which the appellant received one hundred thirty dollars and seventy-eight cents out of the settlement of the bankruptcy proceedings, which was applied on the account.

The appellant offered the appellee as a witness in its behalf, and, without objection, she testified, in substance, that she had been a customer of appellant for many years prior to August, 1928, at which time George Samaha, her son-in-law, opened a business in Tchula, Mississippi, that at the time the guaranty was executed the said George

Samaha desired to purchase goods from the appellant, and that she executed the guaranty at the request of the agent of the appellant. She offered to testify as to the circumstances and situation of the parties and the statements of appellant's agent at the time of the execution of the guaranty; and, upon objection, this testimony was taken in the absence of the jury. The county court held that the guaranty was unambiguous, and, consequently, that this testimony was inadmissible.

While the judgment of the circuit court reversing the judgment of the county court does not so recite, it is conceded by counsel for both parties that the reversal was based upon alleged error in excluding this testimony; and it is likewise conceded that on the trial *de novo* the argument was directed exclusively to the question of the admissibility of this testimony. After the circuit court had announced its decision of the cause in favor of the appellee, counsel moved that all the testimony of appellee given in the absence of the jury in the county court, and particularly her testimony as to conversations between her and appellant's salesman, and as to her intentions in executing the guaranty, be excluded. The court overruled this motion on the ground that it was made after argument had been heard and the court had announced its ruling directing a judgment for appellee.

A gratuitous suretyship cannot be extended by implication, presumption, or construction to impose burdens on the surety not clearly within the terms of the contract, Raleigh v. Rotenberry et al. (Miss.), 164 So. 5; and, in determining whether the guaranty is limited or continuing, that construction should be adopted which "best accords with the intention of the parties, as manifested by the terms of the guaranty, in connection with the subject matter and surrounding circumstances, neither enlarging the words beyond their natural import in favor of the creditor nor restricting them in aid of the surety." 12 R. C. L. 1061.

It is a close question as to whether or not the language of the guaranty here involved should be construed as a limited one, but, conceding for the purpose of this decision that such construction is not warranted, it must be held that its proper construction is at least so uncertain and doubtful as to render admissible evidence in reference to the facts and circumstances accompanying the execution of the instrument. The testimony of the appellee as to the circumstances and conditions under which the guaranty was executed, in connection with its terms, was sufficient to warrant the finding of the court below that the guaranty was limited; and, in directing a judgment in favor of the appellee, the court, in effect, overruled the objection to such testimony.

The testimony of the appellee as to her intention in signing the guaranty was incompetent, but on the state of this record it will be unnecessary to decide whether the admission of this evidence would justify or require a reversal if proper objection had been made thereto. The only objection that was interposed to the testimony of this witness was a general one to all of her testimony bearing upon the circumstances surrounding the execution of the guaranty. With the exception of the testimony as to her intentions and some immaterial details, this testimony was admissible, and the general objection thereto was therefore properly overruled. The only specific objection to that part of the testimony bearing upon the intentions of appellee in signing the guaranty was made after the court had announced its ruling directing a judgment for appellee, and consequently came too late.

The judgment of the court below will be affirmed.
Affirmed.