NATIONAL UNION FIRE INS. CO. *v.* CURRIE.

(Division A.    Jan. 17, 1938.)

[178 So. 104.   No. 32955.]

Luther A. Smith, of Hattiesburg, for appellant.

George W. Currie, of Hattiesburg, for appellee, Alexander Currie.

**E. J. Currie**, of Hattiesburg, for R. M. Holcomb, cross-
appellant.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from the action of the circuit court of Forrest county in granting a peremptory instruction in favor of the appellee, Alexander Currie, who was sued jointly with R. M. Holcomb, local agent of appellant fire insurance company, as surety on the fidelity bond of such agent. The declaration alleged an indebtedness of the agent in the sum of $1,111.20, but sought to recover of the defendants, in the court below, only the amount of the penalty of the bond, plus a reasonable attorney's fee provided for therein.

The bond on which the suit is brought was executed on the 15th day of July, 1930, in the sum of $1,000, and is conditioned for the faithful and punctual accounting and paying over to the obligee therein of all moneys collected or received by the agent for premiums on policies of insurance, renewals, return commissions, advance commissions charged back on account of policy cancellations, etc.; and also for the prompt and faithful surrender of all moneys in default, books of record, supplies, and other property belonging to the obligee at the termination of such agency. The agency was not finally terminated until November 2, 1936.

According to the undisputed testimony, demand was first made upon the appellee surety in October, 1935, to make good an alleged delinquency of the agent, whereupon appellee paid to the appellant the sum of $425.94; again, on January 20, 1936, he paid the sum of $262.47 on a further alleged delinquency; and on March 30, 1936, he paid the sum of $405.47 for the same purpose; the total amount of said payments being in excess of the penalty of the bond, and all made by appellee on such surety pursuant to demands on him by appellant. The indebtedness of $1,111.20 is alleged to have accrued during the months of May to September, 1936, inclusive.

It is also shown that on August 1, 1936, the sum of $566.12 was paid in settlement of an indebtedness ac-

cruing in April of that year, and appellee testified that this amount was paid by him under an oral agreement and understanding had with the general state agent of the appellant to the effect that appellee was thereupon fully discharged and released from further liability as surety on the bond sued on. However, there is a conflict in the evidence as to whether the sum last mentioned was the money of the agent or surety; also, as to whether there was any agreement had for the discharge and release of the surety in consideration thereof. But since the payments which are shown to have been theretofore made by the surety himself, in compliance with the demands of the appellant, were in an amount in excess of the penalty of the bond, the obligation of the bond was thereby discharged, so far as the surety was concerned, and no agreement for his release was necessary. The contractual relation between the appellee and appellant was not one of unlimited suretyship. It was unlimited as to duration, but it constituted a continuing guaranty or security, limited as to amount, to wit, the sum of $1,000; and when the surety made good the alleged delinquency of the agent to the full extent of this limited liability, he could not further be held responsible on the bond for other delinquencies occurring during a continuance of the agency. The liability of a surety is governed by the express terms and extent of his undertaking. Sureties are persons favored by the law. Their obligations are ordinarily assumed without pecuniary remuneration, and are not to be extended by implication or construction. Lipscomb v. Postell, 38 Miss. 476, 77 Am. Dec. 651; Cahn v. Wright, 119 Miss. 107, 80 So. 494; W. T. Raleigh Co. v. Rotenberry et al., 174 Miss. 319, 164 So. 5; Wingo-Ellett & Crump Shoe Co. v. Naaman, 175 Miss. 468, 167 So. 634; Leggett v. Humphreys, 62 U. S. 66, 21 How. 66, 16 L. Ed. 50; 21 R. C. L. 875; 50 C. J. 78, 79. Their liability is, as stated by the text-writers, and under the decisions, strictissimi juris. They have a right to stand on the terms of their obligation, and,

having consented to be bound to a certain extent only, their liability must be found within the terms of that consent, strictly construed. It has been held that where partial payments have been made by a surety, the application of the payments is made by deducting them from the penalty of the bond, and allowing interest on the balance thus resulting, from the commencement of the suit; there having been no previous demand of the penalty or acknowledgment that the whole was due. 21 R. C. L. 1086; McGill v. Bank of U. S., 12 Wheat, 511, 6 L. Ed. 711. If the surety in this case had failed to comply with the demands of the appellant by paying the several sums which were shown to have been paid by him prior to making the payment of $566.12 in question, and if this suit had been brought to recover these amounts, in addition to the $1,111.20 alleged to be due by the agent at the time of bringing the suit, it could not be contended that a judgment should be rendered against the surety for more than the full penalty of the bond, plus an attorney's fee. By paying amounts in excess of the penalty of the bond in advance of the suit to make good the alleged defaults of the agent, the surety thereby discharged his full obligation, and avoided being subjected to liability for the attorney's fee provided for in the bond.

Our conclusion on the question of the appellee's nonliability for any part of the indebtedness sued for renders it unnecessary for us to consider other questions involved.

Affirmed