## VAN NORMAN *v.* VAN NORMAN.

(In Banc. April 12, 1948.)

[34 So. (2d) 733. No. 36738.]

R. M. Kelly, of Vicksburg, for appellant.

312

**John H. Culkin** and **George Chaney,** both of Vicksburg, for appellee.

**Roberds, J.,** delivered the opinion of the court.

The parties hereto are man and wife but have lived separate and apart for a number of years, appellee, the husband, contributing, under order of the chancery court, a monthly amount in aid of support of the wife, the appellant. Five insurance policies, of the face value of $6,800 in case of death, now exist, and for a number of years have existed, on the life of the husband, payable to the wife as beneficiary. She now has, and for several years has had, these policies in her possession, paying

the premiums thereon. The assured has the right to change the beneficiary. The husband instituted this action of replevin in the county court to recover from the wife the possession of these policies. She filed the usual plea of not guilty and a special motion challenging the jurisdiction of the county court. The county judge held he had no jurisdiction. The circuit judge, on appeal to that court, reversed the judgment and awarded possession of the policies to the husband. The case, therefore, involves the jurisdiction of the county court and the right of the wife to retain possession of the policies by virtue of being the beneficiary therein and of having paid the premiums thereon. We have concluded the county court had no jurisdiction, and therefore do not decide what right, if any, the wife has to retain possession of the policies, or what interest, legal or equitable, she has in such policies or the proceeds thereof, nor whether, if she has a right or an interest, it can be asserted in this replevin action.

On the question of jurisdiction, the affidavit for writ of replevin gives the value of each policy at $20. The basis for that valuation is not shown. However, the policies themselves were introduced in evidence and are before us. They disclose the cash surrender value, at the time of the trial, to have been more than $2,100 and paid-up insurance greater than $4,350. One policy had a loan against it of $600, so that both the paid-up insurance and the cash surrender value of the policies greatly exceeded one thousand dollars, which is the limit of the jurisdiction of the county court in civil actions under Section 1604, Code of 1942. It is not contended that, if the insured had possession of the policies, he could not immediately surrender them and receive in cash some $2,200, less the existing loan of $600. Therefore, the immediate cash value of the policies to the insured is much greater than the jurisdiction of the county court.

Section 2841, Code of 1942, requires the affidavit for writ of replevin to describe the property and state ''the

value thereof, giving the value of each separate article."
The value of the property involved is the test of juris-
diction in actions in replevin. Biddle v. Paine, 74 Miss.
494, 21 So. 250; Brumfield v. Hoover, 90 Miss. 502, 43
So. 951. The Biddle case announced the further rule
that, since value is usually a matter of estimation, vary-
ing as individual judgments differ, the valuation stated
in the affidavit is prima facie correct, but the jurisdiction
of the court may be defeated and plaintiff non-suited if
the proof discloses, without dispute, the value of the
property to be beyond the jurisdiction of the court, es-
pecially if it be shown that the low valuation was know-
ingly made with the intention to invoke the jurisdiction
of the court. What then was the value of these policies
for the purpose of this action? No Mississippi case di-
rectly in point has been called to our attention. In the
Brumfield case, supra, the property replevied consisted
of promissory notes, the face value and the actual value of
which appeared to be $323. The proceeding was in the
circuit court, having civil jurisdiction of amounts in ex-
cess of $200. The action was based upon a money demand
of $66.66. The court held that the circuit court had
jurisdiction, the value of the property sought to be re-
plevied being greater than $200. In 65 C. J., Section 278,
page 153, it is said the measure of damages for the con-
version of a policy of life insurance is its market value,
or "if it has no market value, its actual value to the
plaintiff." In Holt v. Van Eps, 1 Dak. 206(198), 46 N.
W. 689, the headnote states: "In replevin for written
securities they are presumed to be worth the principal
and interest indicated on their face . . ." In Lovell
v. St. Louis Mutual Life Insurance Company, 111 U. S.
264, 4 S. Ct. 390, 28 L. Ed. 423, where the insurance com-
pany transferred its business to a new company, thus
putting it out of its own power to fulfill its contract with
the insured, the Court held that the amount to which the
complainant was entitled as damages was what is known
in the life insurance business as the value of the policy

at the time it was surrendered, with interest. In the case at bar, the admitted surrender value of the policies is far in excess of the limit of the jurisdiction of the court. Whether, in a proper case, proof may be made of the inability of the obligor, or maker, to pay, or his release from the promise, the invalidity of the obligation, or other facts affecting the legality of the obligation or its value, are not before us. No such question is involved here.

Reversed and case dismissed for lack of jurisdiction.