VAN NORMAN *v.* VAN NORMAN.

Division A. Nov. 27, 1950.

No. 37673 (48 So. (2d) 633)

**R. M. Kelly,** for appellant.

George Chaney, for appellee.

**McGehee, C. J.**

The parties to this suit are husband and wife, the former having unsuccessfully sought to obtain a divorce and having been required to pay separate maintenance and permanent alimony in the sum of $65 per month, by decree of the trial court rendered on September 19,

1944. Van Norman v. Van Norman, 205 Miss. 114, 38 So. (2d) 452.

On February 7, 1945, the husband, G. B. Van Norman, filed an affidavit of replevin in the county court wherein it was alleged that the wife was withholding from him the possession of five insurance policies, which were described in the affidavit and declaration as being of the value of $20 each. The county court dismissed the proceeding for want of jurisdiction of the amount in value involved, it having appeared on the hearing that the policies had a cash surrender value of more than $2,000. At that time the county court did not have jurisdiction where the amount or value involved was more than $1,000.

On appeal to the circuit court the judgment of the county court was reversed and there was a trial de novo and a judgment rendered in favor of the husband for the immediate possession of the policies.

Upon appeal to this court we reversed the judgment of the circuit court and reinstated that of the county court, dismissing the cause for want of jurisdiction of the amount or value in controversy. Van Norman v. Van Norman, 203 Miss. 310, 34 So. (2d) 733.

Thereafter it appears that the original insurance policies which were filed here as exhibits on said appeal were returned to the circuit clerk at the instance of one of the attorneys for the plaintiff in that replevin suit, in order that the plaintiff might institute a new suit in the circuit court because of the amount or value involved.

On June 11, 1948, an affidavit in replevin was filed by the husband before the circuit clerk, wherein the five insurance policies, which were therein described, were alleged to be wrongfully detained by the wife, Mrs. Marie Estelle Van Norman, and W. J. Foley, circuit clerk, whereas the proof on the trial had in that case clearly shows that neither of the policies were in the possession of the wife, and they had not been in her possession at

any time since the trial in the former suit, so far as the proof discloses.

No writ of replevin was placed in the record on the trial of the suit in which this appeal is taken, except one bearing date of April 25, 1949, during the second term of court after the filing of the affidavit, and which writ shows on its face to have been returnable at the first term of court after the filing of the affidavit, to wit, the term beginning on October 11, 1948, and which writ contains a return of April 25, 1949, the date of the issuance of the writ during the April 1949 term of the court, and which return recites that the insurance policies described therein were found in the possession of W. J. Foley, circuit clerk. The return of the deputy sheriff further recites that the writ was executed by taking the policies of insurance into his possession. However, the testimony of the deputy on the motion for a new trial after judgment rendered in favor of the husband, the plaintiff, and which testimony went in without objection as to the incompetency of such officer to impeach his return, discloses that he did not in fact execute the writ by taking the policies into his possession on behalf of the sheriff and that he did not undertake to place any value on either of the policies, but merely delivered a copy of the writ to the clerk and a copy to the other defendant, Mrs. Marie Estelle Van Norman, and then while in attendance that day on the county court he signed the return hereinbefore mentioned at the instance of the sheriff.

Neither of the defendants was shown to have made bond to retain possession of the policies, and as heretofore stated it is not shown that the co-defendant of the clerk has had possession of the policies since the former appeal here, and they have remained in the possession of the clerk. No suit was pending when they were turned over to the circuit clerk by the clerk of this Court at the instance of one of the counsel for the husband in order that he might institute a new suit.

This Court held in the case of Citizens Bank v. Miller, 194 Miss. 557, 11 So. (2d) 457, 459, in quoting with approval from 20 Am. Jur. 1036, that: " 'The fact that evidence which is introduced in a case may be, if objected to, incompetent evidence under some one or more exclusionary rules of evidence does not destroy its probative effect, if it is admitted without objection. It is the generally prevailing rule that relevant evidence received without objection may properly be considered, although it would have been excluded if objection had been made. Such evidence, where admitted without objection, has the force and effect of proper evidence and is to be accorded its natural probative effect as though it were admissible under the established rules of practice.' "

The record before us does disclose another writ of replevin, as being introduced on the motion for a new trial, which bears date of June 11, 1949, which was after this cause was tried and a judgment rendered in favor of the plaintiff on May 2, 1949, during the April term of the court, and which writ was made returnable on the 11th day of October, 1948, and there was also introduced a return signed J. H. Henderson Sheriff, by——D. S., dated June 15, 1948, which was introduced on the motion for a new trial, presumably as having some reference to the writ of replevin last above mentioned, and concerning which the clerk was asked: "Q. Was the return in your office signed by the sheriff or one of his deputies? A. Yes, sir. Q. But you don't know where it is at this time? A. No, sir." But the record shows that the papers above referred to were here introduced in evidence by the attorney for the plaintiff, and there follows in the record a copy of the writ dated June 11, 1949, returnable on October 11, 1948, and the purported return dated June 15, 1948, almost a year before the date of the writ in connection with which the return seems to have been introduced. There is a notation on the return "Filed June 17, 1948.——Circuit Clerk." As heretofore stated

the return purports to be signed J. H. Henderson, Sheriff, by——D. S. There is no contention, however, that the sheriff ever executed any writ of replevin in the case, except through his deputy who wrote on the back of the affidavit in replevin dated June 11, 1948, and not on a writ of replevin at that time, the following: "I have this day executed the within writ by personally delivering to the within named Mrs. Marie Estelle Van Norman, a true copy of this writ, and a true copy to W. J. Foley, circuit clerk. This the 15th day of June, 1948, J. H. Henderson, sheriff, by V. O. Luckett, D. S.", and the further return of the said deputy on the writ of replevin dated April 25, 1949, during the term of court at which the case was tried, and which return bears the same date as does the writ and is signed "J. H. Henderson, sheriff by V. O. Luckett, D. S.", and which last mentioned writ the deputy testified he did not execute except by merely giving the clerk and the co-defendant a copy thereof.

Section 2846, Code 1942, provides: "How and when writ may be executed.—The writ may be executed by seizing the property and summoning the defendant as in other actions at any time before the first day of the court to which it is returnable."

Therefore, we are of the opinion that the court never did acquire jurisdiction of the res, since the insurance policies were never taken into possession of the officer by the writ of replevin prior to the trial.

As hereinbefore shown the return of the deputy endorsed on the reverse side of the affidavit in replevin in this case only shows that he executed a writ by delivering a copy thereof to each of the defendants, and does not purport to show that the deputy seized the property under any writ of replevin. This deputy is the only officer who appears to have had anything to do with the service of any process in this case.

The testimony is in sharp conflict as to whether or not any value was placed on either of the insurance policies

in the affidavit of replevin until April 25, 1949, which, was during the term of court at which the case was tried. This testimony was heard before the trial judge. It is admitted that the declaration in replevin filed November 6, 1948, and the writ of replevin issued April 25, 1949, did not contain any statement of value of the respective policies until after a demurrer had been filed to the declaration on that ground. This fact was so stated into the record by the trial judge. This demurrer was sustained and the plaintiff was allowed to amend the declaration and the writ so as to show such values.

The defendant, Mrs. Marie Estelle Van Norman, thereupon entered a plea of not guilty to the declaration in replevin on the said 25th day of April, 1949, and the cause was submitted to the court, without a jury, by consent and agreement of the parties, and the judgment was rendered on May 2, 1949, ordering that the policies be delivered to the plaintiff. The judgment recites: "This said property now being in the hands of the sheriff, and neither party having posted bond therefor, it is ordered and adjudged that the sheriff forthwith deliver the same to the plaintiff . . .", but it is not shown anywhere that the policies had ever been in the hands of either the sheriff or deputy prior to the time this judgment was rendered.

The filing of the plea of not guilty was sufficient as an entry of appearance and to give the court jurisdiction over the person of the said defendant, but it did not confer on the court jurisdiction of the res in the absence of the seizure of the property prior to the trial unless the proper execution of the writ of replevin had been waived by her, and which waiver is not shown since she continued to protest against the jurisdiction of the court as to the subject matter of the suit.

The testimony as to who had paid the premiums on the policies amounting to $2,974.14 as shown at the trials in the county and circuit courts prior to the former appeal was introduced in evidence in this case. The evi-

dence was in conflict as to who had paid the premiums except as to that portion of the premiums paid after the plaintiff left home and separated from his wife amounting to the sum of $543.06, which was clearly shown to have been paid by the wife who had possession of the policies at all times from the time of their issuance until the trial in that cause. As beneficiary she claims the right to have kept the insurance in force by the payment of the premiums after her husband had ceased to pay any further premium, assuming that he had paid some of the premiums theretofore.

The wife also claims the right to hold the possession of the policies by virtue of an equitable lien for the $2,974.14 which she claims to have paid in premiums. Both of the parties cite the case of Faulkner v. Faulkner, 192 Miss. 358, 5 So. (2d) 421, and 37 C. J. 403, sub-section 3, 44 C. J. S., Insurance § 267, to the effect that the person who contracts the policy *and pays the premiums* is entitled to its possession, especially where he is the insured, and had reserved the right to change the beneficiary, and had not by gift or otherwise parted with the right of possession. Counsel for the appellant wife cites the general rule in Am. Jur., Vol. 46, page 36, Sec. 60, to the effect that one who has paid premiums on a policy may interpose the defense of an equitable lien ''and have the cause transferred to a court of equity for determination of the issue''. But the trouble is that the wife, as defendant, did not seek to have the cause transferred to a court of equity to have her asserted right determined on the ground of the alleged payment of the premiums by her.

At any rate, we are of the opinion that the affidavit as now on file in its amended form is sufficient to entitle the plaintiff to have a writ of replevin issued, and properly returnable, in the case and to refile his declaration on the basis of an executed writ of replevin, and to have the cause tried and disposed of, but without prejudice to the right of the wife to assert any equitable

interest that she may have on a transfer of the cause to the chancery court or by an independent bill in equity in that behalf. ██ ██ Such alleged equitable lien can not be adjudicated in a court of law.

The cause will, therefore, be reversed and remanded to be proceeded with in such manner as may not be inconsistent with the views herein expressed.

Reversed and remanded.