FLETCHER *v.* HUTCHERSON

No. 40859 October 6, 1958 105 So. 2d 487

*Sims & Sims,* Columbus, for appellant.

*Carter & Van Every,* Columbus, for appellee.

Lee, J.

Robert T. Fletcher, doing business as Fletcher Motor Company, obtained in the justice of the peace court a judgment against James Hutcherson for the sum of

$192.18, the alleged balance due on the purchase price of an automobile. Hutcherson appealed to the circuit court where he filed an answer in which he alleged that Fletcher had guaranteed the car to be in first class condition, in good running order, with the motor in A-1 condition, and that it had been operated only 29,335 miles. He alleged the truth to be that the car was not in the condition represented, but that it was in bad condition, that it had been driven in excess of 83,000 miles, and that the plaintiff was entitled to recover nothing.

The evidence was in dispute as to whether the plaintiff guaranteed the car. The jury found a verdict for the defendant, and Fletcher has appealed here.

■■ ■ The appellant now complains that the Court erred in giving an instruction for the appellee which submitted the issue as to whether the appellant had guaranteed the condition of the car. He says that the conditional sales contract contained a provision that "no agreement, representation or warranty shall be binding on the holder unless expressly contained herein", and that since the alleged guaranty was not contained in the sales contract, the giving of the instruction was error because there was no evidence upon which to base it.

But the appellee had pled the guaranty. Besides Fletcher called Hutcherson as an adverse witness for the purpose of cross examination and brought out in detail the full scope of the guaranty. Moreover, after he rested his case, Hutcherson then took the stand in his own behalf and elaborated, without objection, his evidence as to the defective condition of the automobile, and testified that he relied on the representations of the admitted agent of the appellant.

■■ ■ The present contention that this evidence was inadmissible is beside the point. There was no complaint about it at the time of the trial, and it can not now be expunged from the record. See Wingo-Ellett & Crump Shoe Co. v. Naaman, 175 Miss. 468, 167 So. 634; Citizens

Bank of Hattiesburg v. Miller, 194 Miss. 557, 11 So. 2d 457; Trewolla v. Garrett, 200 Miss. 563, 27 So. 2d 887; Pepper v. State, 200 Miss. 891, 27 So. 2d 842; Van Norman v. Van Norman, 210 Miss. 105, 48 So. 2d 633; Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So. 2d 281; Cannady's Used Cars, etc. v. Dowling, 221 Miss. 293, 72 So. 2d 696; and American National Life Ins. Co. v. Craft, 222 Miss. 847, 77 So. 2d 679.

 Since the evidence, admitted without objection, fully warranted the jury's finding, there is no merit in the appellant's further contention that the verdict was contrary to the great weight of the evidence.

It follows that the cause must be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Holmes* and *Arrington, JJ.,* concur.