Thomas L. MARSTON, Plaintiff/Respondent,

v.

Sharon ROSE–ELASH, Defendant/Appellant.

No. WD 37862.

Missouri Court of Appeals, Western District.

Dec. 9, 1986.

S.W. Longan, III, Patricia L. Lear, Kansas City, for defendant/appellant.

Kurt L. Rasmussen, Watson, Ess. Marshall & Enggas, Kansas City, for plaintiff/respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

LOWENSTEIN, Judge.

The plaintiff was granted summary judgment in a replevin suit and the defendant appeals. The facts are relatively simple. The plaintiff, Marston, a resident of Jackson County bought a polygraph machine, located in Jackson County, from the defendant Elash for $3,000. Although paid and given a receipt, Elash, also a resident of Jackson County, never delivered the machine to Marston. Elash, after months of stalling, moved out of the state on January 1, 1984 with her husband, family and the polygraph machine. Marston filed a suit for replevin of the machine on March 14, 1984 in the Associate Division of the Circuit Court of Jackson County. The Sheriff's return was non-est. Elash was later served in Aroostock County, Maine. Elash has at all times asserted lack of subject matter jurisdiction. Her motion to dismiss, denied prior ·to entry of judgment against her, claimed the polygraph machine was not located in Jackson County at the time of the suit. The polygraph machine has been in Maine since January 1, 1984. Marston was successful in the Associate Division and in Circuit Court, and was granted summary judgment for possession, or at his election the $3,000 value of the machine plus $2,000 damages plus costs and attorney's fees of $133.72 for the defendant's failure to comply with discovery.

The dispositive question on appeal is whether in a replevin action not involving a pre-judgment seizure (Rule 99.03–.12), a Missouri court obtains jurisdiction through personal service when the property for which possession is sought is not in the state.

Under Rule 99.01, a person claiming a right to possession of personal property may bring a replevin action to obtain possession. Rule 99.12 states when the party not in possession is found by the court to be entitled to possession. "... the value of the property shall be determined and damages for the taking, detention or injury may be assessed. The judgment shall be against the party ... for the return of the property or the value of the property, at the election of the party entitled to possession, and for damages assessed...." Under Rule 99.13, the prevailing party need not elect between return of the property or its assessed value, "... until the property is in the possession of the sheriff...." Rule 99.15 allows execution to issue, "... to the sheriff of the county where the property is located directing him to deliver the property to the party entitled thereto." Rule 99.15 tracks the venue statute for attachment and replevin suits, Section 508.-020 RSMo 1978; both require these cases be brought in the county where the property is found.

The central issue is again posed: did the personal out of state service on Elash give the Jackson County Circuit Court jurisdiction to determine transfer of the res or the value of the res to Marston (who since· filing the suit has moved to Virginia).

■ Although a party seeking replevin may opt for the value instead of the property, this action is one to recover specific property. The very theory of replevin as a possessory action bespeaks of having in rem jurisdiction over the subject matter. Jurisdiction in a replevin suit is to determine right of possession,

> and until the officer to whom the writ is directed obtains possession of the property ... the court issuing the writ cannot ... have jurisdiction over the property so as to enforce the writ by contempt proceedings.

66 Am.Jur.2d Replevin § 57, p. 871 (1973). Stated another way:

> An action for replevin cannot be successfully maintained unless the property is within the state and subject to the jurisdiction of its courts.... The jurisdiction of the court to hear and determine an action in replevin is dependent on the issuance and service of the writ which brings the property under the control of the court for the purpose of rendering judgment.

77 C.J.S. Replevin § 84 p. 54 (1952).

Until the officer to whom the writ is directed obtains possession of described property in the writ, the court does not have jurisdiction over the property to enforce the writ. *Id.*

■ To sustain an action of replevin the property must be susceptible of seizure by the officers and delivery to the plaintiff. *Jones v. Dodge,* 61 Mo. 368, 369 (1875).

■ In the case at bar the sheriff of Jackson County could not seize the polygraph machine—it was not here because it was taken out of the state prior to suit. It is not conceivable Elash will bring it back here. *Cf. Petty v. Borg,* 106 Utah 524, 150 P.2d 776 (1944).

In *Hauser v. Burge,* 121 S.W.2d 314 (Mo. App.1938), when replevin was instituted, "the property itself, the subject matter of the suit was not located in Buchanan County, where the suit was instituted, but was in the State of Kansas." The court then held at page 316:

> In actions where the statute makes jurisdiction dependent on the location of the property involved a failure of the records to show the location of the property within the jurisdiction of the court is fatal, and the court is without jurisdiction. (Citation omitted.) Such a jurisdiction defect is not cured by voluntary entry of appearance by a party; for while the latter course might confer jurisdiction over the person, it does not confer jurisdiction over the subject matter of the action.

   \*    \*    \*    \*    \*    \*

Since the record in this case shows and, indeed, such fact is admitted on all sides, that when the suit was instituted the court had no jurisdiction of the subject matter of the litigation, we must hold, as this court has heretofore held in such cases, that the justice court had no jurisdiction, and the circuit court could acquire none.

*See also Goth v. Norman,* 693 S.W.2d 175 (Mo.App.1985), where the plaintiff unsuccessfully sought to replevin property not located in the county where suit was filed.

The difference between venue and subject matter jurisdiction need not be discussed. However, if replevin fails because the sheriff cannot seize property outside the county, then this action must also fail when the property is not even in the state. A Missouri judgment conferring possession could never be enforced when the sheriff is unable to obtain the property under a writ of replevin.

■ This court does not believe personal jurisdiction will save the day for Marston. In *Van Norman v. Van Norman,* 210 Miss. 105, 48 So.2d 633 (1950), an action for replevin of insurance policies, the defendant was served but the sheriff did not seize the res. The court held that personal service plus entry of appearance while protesting jurisdiction, did not confer subject matter jurisdiction absent seizure of the res. *Id.* 48 So.2d 635 and 636. A like result was obtained in *Universal Credit Co. v. Antonsen,* 374 Ill. 194, 29 N.E.2d 96 (1940); Annot. 130 A.L.R. 626 (1941). There contempt proceedings were sought, but denied where the res was not in court. The court held replevin was unavailable unless the officer could take possession and return the property to the plaintiff when appropriate.

Missouri not having subject matter jurisdiction, the summary judgment for the plaintiff was an erroneous application of the law.

The lack of subject matter jurisdiction negates the other portions of the judgment giving the plaintiff the option of collecting the value, damages, and the assessment for

costs and expenses. The remedy of replevin contemplates upon a failure of the defense to the suit the court will in order (a) give a judgment for possession; (b) assess value at time of trial; and (c) determine any damages. *Riddle v. Dean Machinery Company*, 564 S.W.2d 238, 259 (Mo.App. 1978).

The judgment is reversed and remanded with directions to sustain the defendant's motion to dismiss.

All concur.