GUGGENHEIMER & COMPANY, A CORPORATION, *Appellant,* v
W. M. DAVIDSON, *Appellee.*

1.  Striking a pleading is a severe remedy and should be resorted
    to only in cases palpably requiring it for the proper adminis-
    tration of justice.

2.  A wide discretion is allowed trial courts in permitting amend-
    ments to pleadings and where no settled rule of law or pro-
    cedure is plainly violated or a sound judicial discretion
    abused, the action of the court in permitting amendments
    will not be disturbed.

3.  If an amended bill of complaint is in effect the institution
    of a new and materially different suit alleging a different
    cause of action, and is so palpably inconsistent with or
    repugnant to the original pleading that it is patent no decree
    can properly be entered on the amended bill, a motion to
    strike would not be an in appropriate remedy.

4.  Where the allegations of an amended bill of complaint are
    wholly inconsistent with, and repugnant to, the allegations
    of the original bill and attempt to assert an entirely different
    and inconsistent right of the plaintiff, and the amended bill
    does not state an equity in the plaintiff, an order denying
    a motion to strike the amended bill will be reversed.

This case was decided by Division A.

Appealed from the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the
court.

*T. B. Ellis, Jr.,* for Appellant;

*R. H. Chapman,* for Appellee.

WHITFIELD, C. J.—The appellee, W. M. Davidson, brought a suit to foreclose a mortgage on real estate making the appellant and D. M. Davidson and wife and others defendants. The original bill of complaint alleges that the mortgage had been given by D. M. Davidson and wife to secure the payment of a debt, and that an unpaid portion of the mortgage debt had been assigned to appellee. An answer by Guggenheimer & Company sets up its right in the land to the exclusion of the complainant. The complainant then presented a petition to amend his bill of complaint "by adding thereto various and sundry statements of facts which have come to the knowledge of your petitioner and his counsel since the filing of said bill and of the filing of the said answer thereto." This petition was granted and the complainant filed an amended bill of complaint alleging in effect that the mortgage was given for the payment of the purchase price of the land mortgaged; that although the title to the land was taken in the name of his mother, the wife of D. M. Davidson, and the mortgage executed by his mother, the purchase was made by and for him, and that he had furnished all the money paid on the indebtedness, and that the unpaid notes had been assigned to him. It is not alleged that the defendant Guggenheimer & Company, who had answered claiming title by purchase at a execution sale against D. M. Davidson who was the owner of the land, took his execution deed with notice of complainant's alleged rights. The prayer is in effect to decree an equitable title in complainant. The defendant Guggenheimer & Company moved to strike this amended bill of complaint on the grounds that it is inconsistent with the original bill, and is beyond the scope of the petition granted for filing the amended bill. The motion to strike was denied, and the defendant appealed from this interlocutory order only.

Striking a pleading is a severe remedy and should be resorted to only in cases palpably requiring it for the proper administration of justice. Ray v. Williams Phosphate Co., 55 Fla. 723, 46 South. Rep. 158.

A wide discretion is allowed trial courts in permitting amendments to pleadings, and where no settled rule of law or procedure is plainly violated or a sound judicial discretion abused, the action of the court in permitting amendments will not be disturbed.

If an amended bill of complaint is in effect the institution of a new and materially different suit alleging a different cause of action, and is so palpably inconsistent with or repugnant to the original pleading that it is patent no decree can properly be entered on the amended bill, a motion to strike would not be an inappropriate remedy. See Fletcher's Eq. Pl. & Pr. Sec. 388; Larkins v. Biddle, 21 Ala. 252; Savage v. Worsham, 194 Fed. Rep. 18; Land Company of New Mexico (Limited) v. Elkins, 20 Fed. Rep. 545; Verplank v. The Mercantile Insurance Company, of New York, and Barker, 1 Edw. Ch. (N. Y.) 46; Shields v. Barrow, 17 How.. (U. S.) 130; Belton v. Apperson, 26 Gratt. (Va.) 207; Griffin v. Societe Annonyme La Floridienne, 53 Fla. 801, 44 South. Rep. 342; 16 Cyc. 338; 1 Ency. Pl. & Pr. 476, 487; Van Zile's Eq. Pl. Sec. 257.

In this case the allegations of the amended bill of complaint are wholly inconsistent with, and repugnant to the allegations of the original bill and attempt to assert an entirely different and inconsistent right of the plaintiff. Besides this the amended bill does not state an equity in the complainant as against the appellant in that it does not allege that Guggenheimer was not a *bona fide* purchaser without notice of complainant's right. This being patent, the order denying the motion to strike is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.