A. E. MELTON AND FRANKLIN INVESTMENT COMPANY, A
CORPORATION UNDER THE LAWS OF THE STATE OF FLORIDA,
· *Appellants,* v. MICHIGAN TRUST COMPANY, A CORPORATION
UNDER THE LAWS OF THE STATE OF MICHIGAN, *Appellee.*

Division B.

Opinion Filed January 18, 1927.

1. Where a person enters into a contract with another, acquir-
ing thereby for himself, his successors and assigns, the
right to purchase property under conditions named in the
contract and afterwards, and before the expiration of the
option contract, assigns his rights and interests under the
terms of the contract to another, such assignee succeeds
to all his rights under the contract and may enforce the
same at any time before the expiration of the option, upon
giving notice to the vendor named in the option that he has
acquired such rights under such assignment of such con-
tract, or upon the notice of such assignment of such con-
tract being brought home to the vendor in any other man-
ner; but, such vendor will not be held liable to carry out
the terms of such contract with such assignee without
having notice of such assignment.

An Appeal from the Circuit Court for Orange County;
Frank A. Smith, Judge.

Affirmed.

*P. H. Odom* and *Dickinson & Dickinson,* Attorneys for
Appellants;

*Landis, Fish & Hull* and *Whitehair,* Attorneys for Ap-
pellee.

BUFORD, J.—In this case suit was brought by the appel-
lants against the appellees to enforce the specific perform-
ance of a contract made between one Charlton E. Melton

and Michigan Trust Company for the purchase of approximately 97,000 acres of land situated in Orange and Osceola Counties. A demurrer was filed to the first bill of complaint and sustained. An amended bill of complaint was filed and demurrer to that was sustained. A second amended bill was filed to which a demurrer was filed containing 83 grounds. This demurrer was sustained by an order dated the 22nd day of June, 1926, without designation of grounds upon which same was based. The complainant was allowed until the July rule day in which to further amend the bill of complaint.

Several of the grounds of the demurrer raised the point that the bill of complaint fails to positively show or allege that the defendant was ever at any time prior to the institution of suit advised of, or had any knowledge of, the alleged assignment of the alleged option referred to in the bill of complaint and which constitutes the basis of the suit and we assume that it was upon these grounds that the demurrer was sustained.

It was specifically provided in the option contract that the same should not be placed upon record and that all the rights created under the contract should be forfeited by the option holder in the event that his copy of the option should be placed on record. The contract under the terms stated therein was assignable and its terms and conditions were made to apply to successors or assignees of the parties executing the same. The allegations of the bill of complaint sufficiently show that Charlton E. Melton did those things which were necessary to be done by him to entitle him or his assignee, when the character of such assignee should have been made known to the vendor, to the rights to purchase the property upon the making of the required cash payment and executing notes and mortgages as provided for in the contract on or before December 31st, and

to bind the complainant to make deeds conveying the property upon such cash payment being tendered and the execution of such notes and mortgages being proferred. But the bill fails to allege that any knowledge of the assignment by Charlton E. Melton to A. E. Melton was in any way brought home to Michigan Trust Company, or that Michigan Trust Company were given any notice of such assignment, and so far as the allegations of the bill show A. E. Melton occupied the status of a stranger to the Michigan Trust Company in the transaction and Michigan Trust Company was without any knowledge of any obligation on its part to accept any payment of the money as part of the purchase price from A. E. Melton, or to convey any property to A. E. Melton. A mere general allegation that the complainant has done all things required of him to entitle him to a conveyance is not sufficient against the demurrer as interposed.

The order sustaining the demurrer will therefore be affirmed with directions that complainant be allowed to further amend his bill within the time to be fixed by the Chancellor, and failing so to do, the bill shall stand dismissed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

STRUM AND BROWN, J. J., concur in the opinion.

ELLIS, C. J., dissents.