PATRICK BARRY, Bishop of the Diocese of St. Augustine, v. A. G. WILLARD, *et al.*

157 So. 669.

Division A.

Opinion Filed November 14, 1934.

Petition for Rehearing Denied December 12, 1934.

*S. Henry Harris, J. E. Kennedy* and *J. Uhle Bethell,* for Appellant;

*George P. Garrett* and *Huffaker & Edwards,* for Appellees.

Davis, C. J.—This is an appeal prosecuted by appellant from certain interlocutory orders, namely, an order dissolving a temporary restraining order issued against a sheriff's sale, an interlocutory order striking the complainant's original bill and from an interlocutory order denying complainant's motion to reconsider the order striking complainant's reply to defendants' answer and denying application for temporary injunction as well as petition for leave to file certain proposed pleadings tendered as amendments to the original bill.

Appellee has filed a cross assignment of error to the effect that the court erred in entering its interlocutory order overruling defendants' demurrer to complainant's bill, but inasmuch as appellant's appeal to this court from the several interlocutory orders appealed from by him does not include the particular interlocutory order to which the appellees' cross assignment of error relates, nor is there before us any appeal from a final decree that would necessarily involve such order, the cross assignment of error cannot be considered in the absence of a cross appeal by appellee bringing to this court for review the particular interlocutory order that would have to be reversed if appellees' cross assignment of error were sustained. So the cross assignment of error will be disregarded.

Appellant's original bill was in substance the same as that dealt with by this Court in that companion case of Willard v. Barry, 113 Fla. 402, 152 Sou. Rep. 411, and what was therein decided is applicable to the original bill in controversy in this case.

. After the case just cited was disposed of here, appellant attempted in this case to avoid the effect of the ruling in said companion case by filing a special reply to defendants' answer and also by tendering an amendment to the original bill. But the effect of the special reply, which was stricken, and of the tendered amendment, which was refused, was to present a cause of action wholly inconsistent with that attempted to be set up in the original bill—a practice that is not permissible. See Palm Beach Estates v. Croker, 106 Fla. 617, 143 Sou. Rep. 792; Guggenheimer v. Davidson, 62 Fla. 490, 56 Sou. Rep. 801.

. So the court committed no error in its orders striking the special reply and denying the tendered amendment to the bill of complaint.

The Chancery Practice Act, Chapter 14658, Acts 1931, Laws of Florida, Section 26, deals with the subject of amendments generally and provides that matter *supplemental* may be brought in by an amended pleading which becomes in contemplation of the Practice Act, a supplemental bill denominated an amendment (Biscayne Realty & Ins. C. v. Ostend Realty Co., 109 Fla. 1, 148 Sou. Rep. 560). But such provision of the 1931 Chancery Act does not overthrow the long established chancery rule that an amended bill of complaint which is in effect the institution of a new and materially different suit palpably inconsistent with or repugnant to the original pleading, is not permissible under the guise of an amendment, but should be rejected as an inappropriate pleading in the cause. Guggenheimer v. Davidson, *supra*.

It is apparent that some of the matters attempted to be pleaded in the amended bill of complaint that was not permitted to be filed in this cause, may be stated in a separate suit brought against the defendants, Willard and Seen, jointly, as to afford some relief against them in equity with

reference to the transactions between them referred to therein, therefore the refusal to permit the filing of such amended bill in this case should, if affirmed, be without prejudice to the right of complainant below to file same as a new and independent suit, if so advised. So the order appealed from respecting this feature of the case will be deemed modified accordingly and as modified will be affirmed.

Modified and affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.