MYRTLE BAPTIST v. ROY C. BAPTIST.

178 So. 846.
Opinion Filed April 27, 1937.
On Petition for Rehearing October 28, 1937.
Rehearing Denied December 16, 1937.

*Evan Evans,* for Appellant.

*McKinney* and *Edwards* and *J. V. Walton,* for Appellee.

PER CURIAM.—In this cause Mr. Chief Justice ELLIS, Mr. Justice BROWN and M. Justice DAVIS are of the opinion that the decree of the Circuit Court should be affirmed; while Mr. Justice WHITFIELD, Mr. Justice TERRELL and Mr. Justice BUFORD are of the opinion that the said decree of the Circuit Court should be reversed and the cause remanded with directions that the Chancellor enter an order dismissing the Bill of Complaint. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 So. Rep. 51, that the Decree of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.

## ON REHEARING

CHAPMAN, J.—The final decree appealed from in this suit was affirmed under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 Sou. Rep. 51.

For convenience the appellant will be referred to in this opinion as defendant and the appellee as plaintiff.

On April 3, 1935, plaintiff, Roy C. Baptist, filed his bill of complaint against his wife, Myrtle Baptist, in which he charged as a ground for divorce wilful, obstinate and continuous desertion for one year prior to the filing of the bill of complaint, which was April 3, 1935. Service was had upon defendant and through counsel she filed an answer to the bill of complaint in which she alleged, among other things, that on the 28th day of November, 1932, a final decree was entered validating and legalizing the separation of the defendant from the plaintiff and alleging that the final decree of separation so entered was in full force and effect at the time of the filing of the bill of complaint. A copy of the bill of complaint and the final decree dated November 28, 1932, were attached to the answer. It seems that the suit for separate maintenance was filed and a decree entered as authorized by Section 4989, Comp. Gen. Laws. Motion by counsel for complainant to strike paragraphs four and five of the answer was sustained by the lower court under date of September 6, 1935.

Counsel for defendant subsequently requested permission to file an amended answer, which was by the lower court denied under date of October 17, 1935.

Counsel for defendant subsequently requested permission to file an amended answer, which was by the lower court denied under date of October 17, 1935.

Evidence was taken under the pleadings and issued before the Chancellor and upon final hearing the prayer of the bill of complaint was granted and the equities of the cause were found to be with the plaintiff, and a decree *avinculo matrimonii* entered under date of June 1, 1936. The suit is brought here by the defendant upon appeal and with

thirteen separate assignments of error urged upon the Court why the decree appealed from should be reversed, but it is not necessary to a decision of this suit to consider as error any assignments other than the entry of the final decree appealed from.

An examination of the record shows that the grounds of the decree appealed from rests largely upon the testimony of Roy C. Baptist and Paul Smith, which shows that the defendant left the home of the complainant at Tiger Ridge in Dixie County in August, 1932. On cross examination plaintiff testified that within, two or three days after she left defendant she brought suit for separate maintenance against him, and the witness Smith, on cross examination stated that he did not know whether or not the defendant left the plaintiff with his consent and he had no knowledge of the circumstances existing between plaintiff and defendant at the time she left in August, 1932.

The burden of proof rested upon the plaintiff to establish the material allegations of the cause of divorce as alleged in the bill of complaint, viz.: continuous, obstinate and willful desertion for a period of one year prior to the filing of the bill of complaint.

A copy of the sworn bill of complaint for separate maintenance recites the following: "That the defendant (meaning plaintiff here) on divers times in Dixie County had from the 5th day of April, 1932, to the 29th day of August, 1932, beat, struck, choked and slapped your oratrix face and such treatment was continous and seriously affected the nervous system of your oratrix, rendered life burdensome and miserable and that the defendant is guilty of extreme cruelty." Process issued and was served on the defendant and on November 28, 1932, an order or decree was entered requiring plaintiff here to pay the sum of $150.00 a month

as alimony and an additional sum for court costs. The decree no doubt was predicated upon a letter dated at Hines, Florida, August 29, 1932, as follows:

"Mrs. Myrtle Mcv. Baptist,
"DeLand, Florida.
"Dear Myrtle:

"On account of our inability to agree and see things in the same light, I am willing to grant you $150.00 per month alimony, no cuts or raises.

"Also I am willing to pay in addition to the alimony $14.50 per month for 12 consecutive months, also $9.05 per month for 6 consecutive months, same to pay for furniture and house fixtures which you contracted for.

"Yours truly,

"Roy C. Baptist."

Other exhibits and evidence appearing in the record are unnecessary to recite for the purpose of deciding this cause, except that when the note above cited was delivered, the plaintiff took the defendant from his home at Tiger Ridge to Cross City where she obtained an attorney and filed suit.

Section 4989 Comp. Gen. Laws, requires that the Court must find, among other things, that the defendant below was living apart from the plaintiff because of his own conduct toward her, and a recital of the bill for maintenance and the evidence taken before the Special Master establishes that the cohabitation ended on August 29, 1932. The decree of the Court dated November 28, 1932, granted the relief prayed and was forced to hold by the terms of the decree that the desertion had been continuous since August 29, 1932.

The suit for separate maintenance is a good defense in this cause, it was properly plead, and the copies thereof

should not have been stricken from the answer. This Court, in the case of Hay v. Salisbury, 92 Fla. 446, text page 454. 109 Sou. Rep. 617, said: " 'The foundation principle upon which the doctrine of *res judicata.* rests is that parties ought not to be permitted to litigate the same issue more than once; that, when a right or fact has been judicially tried and determined by a court of competent jurisdiction, or an opportunity for such trial has been given, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties, and those in privity with them in law or estate.' 15 R. C. L., p. 953, par. 430.

" 'Public policy and the interest of litigants alike require that there be an end to litigation, and the peace and order of society demand that matters distinctly put in issue and determined by a court of competent jurisdiction as to parties and subject matter shall not be retried between the same parties, in any subsequent suit in any court. The doctrine of *res judicata* not only puts an end to strife, but produces certainty as to individual rights and gives dignity and respect to judicial proceedings; otherwise would be endless.' 15 R. C. L. p. 954."

See: Prall v. Prall, 58 Fla. 496, 50 Sou. Rep. 867, 26, L. R. A. (N. S.) 577; Flynn-Harris-Bullard Co. v. Hampton, 70 Fla. 231, 70 Sou. Rep. 385.

The question of willful, obstinate and continued desertion as alleged in the bill of complaint for a divorce as against the defendant to this suit became *res judicata* under the terms of the decree dated November 28, 1932. The plaintiff below failed to establish the material allegations of the bill of complaint, viz.: willful, obstinate and continued desertion for a period of one year prior to April 3, 1935.

Counsel for defendant in error insists that the decree

for separate maintenance dated November 28, 1932, was void because lawful service was never procured upon the plaintiff here, Roy C. Baptist. The evidence shows that he took his wife from Tiger Ridge to Cross City on August 29, 1932, with the understanding that she was to employ counsel and obtain a maintenance decree, and likewise gave her a note dated and signed, *supra,* and continued to pay the monthly sums named in the decree and at a subsequent date by counsel appeared in court and obtained a modification of the maintenance decree by a reduction in the amount of the monthly payments. Under these circumstances the decree in question cannot be attacked here. In the case of Seaboard All-Florida R. Co. v. Leavitt, 105 Fla. 600, 141 Sou. Rep. 886, this Court said:

"Where a court of general jurisdiction has acted within the scope of its general powers, it will be presumed upon collateral attack that it had jurisdiction of the subject matter of the action and of the parties thereto, unless the contrary appears of record."

In the case of Fiehe v. Householder Co., 98 Fla. 627, 125 Sou. Rep. 2, it was also said:

"In Budd v. Long, 13 Fla. 309, it was said that a collatlateral inquiry into the regularity of proceedings of a court of record will not be allowed except to show an entire absence of jurisdiction."

The evidence as disclosed by the record shows that the defendant was nagging, fault-finding, quarrelsome and difficult to cohabit with prior to the date of separation in August, 1932. It nowhere appears that this phase of the case has been litigated. The conduct of the wife, as shown by the record, appears to be controlled by the suit of Nolan v. Nolan, 121 Fla. 131, 163 Sou. Rep. 401.

The decree appealed from is hereby reversed, but it is

decreed that the court below, after timely notice, allow complainant to amend his bill of complaint so that the same may by its allegations conform to the proof submitted which may establish any other ground of divorce and allow the defendant to answer such amended bill of complaint subsequent thereto and, after giving the parties notice of final hearing and opportunity to offer any additional evidence touching the issues so made, to enter such decree as may be proper.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

·ELLIS, C. J., dissents.

. ELLIS,· C. J. (dissenting).—I think the decree of divorce rendered on June 8, 1936, from which the appeal in this case was taken, should be affirmed.

The case was tried by the Chancellor on bill of complaint, answer and testimony taken *ore tunnus* before the court. The ground alleged for the divorce was a statutory one of desertion and it was alleged that the desertion began in August, 1932. The bill was filed, April 3, 1935, but in the meantime Mrs. Baptist procured a decree for separate maintenance and attorneys' fees on November 28, 1932, on her bill filed in September, 1932. In her answer to the bill of complaint in the instant case she avers that the decree in the proceeding begun by her "validated and legalized the separation" of herself and husband, on which separation Baptist's bill for divorce was founded.

That averment is not well founded for the reason that there can be no decree in this State *a mensa et thoro,* but must be *a vinculo matrimonii.*

An examination of the record in this case satisfies me that the decree rendered by the Chancellor in the instant case, divorcing the complainant Baptist from his wife, finds ample support in the evidence.

The order of the court reversing the decree and allowing the complainant in the divorce suit to amend his bill by alleging another and wholly different ground for divorce as a basis for a decree of divorce is contrary to the doctrine announced in Barry v. Willard, 117 Fla. 236, 157 South. Rep. 669, in which it was said that to set up in an amended bill a cause of action wholly inconsistent with the set-up in the original bill is not allowable. The amendment proposed to be allowed would be in effect the institution of à wholly different suit; at least, wholly different grounds for divorce, which is not consistent with the rule announced above. See Guggenheimer v. Davidson, 62 Fla. 490, 56 South. Rep. 801.

Therefore I adhere to the views entertained by me in the decision of this Court filed on April 27, 1937, in which by a divided court the decree of divorce was affirmed.

## On Petition for Rehearing

Per Curiam.—Appellant has filed Motion for rehearing upon the theory that the order of this Court permitting "leave to complainant husband to amend his bill of complaint so that the same may set up any other ground of divorce" and with the further provision that the defendant wife may file answer to such amended bill is not in accord with previous decisions of this Court. The cases of Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 Sou. 801; and Barry v. Willard, et al., 117 Fla. 236, 157 Sou. 669, are cited in support of that contention. What is said in those cases is not controlling. In those cases this Court condemned amended bill of complaint which set up a new and materially different cause of action. In the suit now before us the cause of action is for divorce and when the bill is amended the cause of action will be the same.

When the defendant is furnished with copy of the amended bill and given an opportunity to answer the allegations setting up other grounds of divorce, she will have had the opportunity to exercise the right of her day in court and, of course, may be heard upon the issues made by the pleadings as amended.

Therefore, the petition for rehearing should be denied.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.