R. O. HOLTON & COMPANY v. R. FAY HULL.

192 So. 229
Division A
Opinion Filed November 17, 1939
Rehearing Denied December 9, 1939

*M. L. Stephens,* for Appellants;
*Green & West,* for Appellee.

THOMAS, J.—The contract which gave rise to this litigation was contained in a letter of the appellant addressed to the appellee setting out that in accordance with a former verbal agreement between them, appellee was to take charge

of the operations of appellant in Volusia County, Florida, evidently consisting of the sale of bonds and investment securities, and receive for his services 50 per cent of the net profits of all transactions. The appellee was to have the advantage of a reasonable drawing account and to be reimbursed for all expenses incurred by him while traveling in the interests of the appellant company.

Accordingly, appellee entered upon this business venture June 20, 1933, and the relationship was dissolved by mutual consent on the seventh day of November, 1936. The following year appellee filed his bill of complaint seeking, besides other relief, an accounting of the dealings in which the parties to the agreement had taken part. In this original bill of complaint the complainant alleged that the contract, which we have described briefly, set up a copartnership for the purpose of carrying on of a "brokerage business in stocks and bonds." Pursuant to a motion for better particulars, the appellee filed an amended bill based upon the same contract but omitting the allegations that the association was in fact a partnership.

The amended bill contained a prayer for accounting. The appellant filed a motion to strike the whole and parts of the latter bill and also attacked the pleading by motion to dismiss.

The chancellor ruled against the appellant in all these attacks except that he struck two paragraphs of the bill. From his order on these motions an appeal was taken.

The appellant is insistent that the appellee was guilty of departure when he filed the amended bill of complaint because in the first he had proceeded upon the theory that the parties to the contract were partners while in the latter he apparently abandoned that position.

It is true that this Court is committed to the proposition

that: "If an amended bill of complaint is in effect the institution of a new and materially different suit alleging a different cause of action, and is so palpably inconsistent with or repugnant to the original pleading that it is patent no decree can properly be entered on the amended bill, a motion to strike would not be an inappropriate remedy." (Guggenheimer & Co. v. Davidson, 62 Fla. 490, 492, 56 South. Rep. 801), and has said: "The Chancery Practice Act, Chapter 14658, Acts 1931, Laws of Florida, Section 26, deals with the subject of amendments generally and provides that matter *supplemental* may be brought in by an amended pleading which becomes in contemplation of the Practice Act, a supplemental bill denominated an amendment" (Biscayne Realty & Ins. Co. v. Ostend Realty Co., 109 Fla. 1, 148 Sou. Rep. 560). But such provision of the 1931 Chancery Act does not overthrow the long established chancery rule that an amended bill of complaint which is in effect the institution of a new and materially different suit palpably inconsistent with or repugnant to the original pleading, is not permissible under the guise of an amendment, but should be rejected as an inappropriate pleading in the cause. Guggenheimer v. Davidson, *supra.*" (Barry v. Willard, 117 Fla. 236, 238, 157 South. Rep. 669.)—but we fail to comprehend how it may be successfully urged that a new and different cause of action was stated in the amended bill of complaint in the instant case.

The written contract upon which the complainant relied in the second case was precisely the same as that pleaded in the first, and, regardless of any interpretation complainant may have put upon it, the sole purpose of the suit was to secure an accounting for a long series of complicated bond transactions. The law is well settled that in such a situa-

tion the proper course is to proceed in a court of chancery to determine the status of the account between the parties.

"Matters of account are one of the ordinary sources of equity jurisdiction, because of the greater facility and more improved methods of taking the account." Broome, *et al.*, v. Alston, 8 Fla. 307, 322.

"Courts of equity take cognizance of cases in which contract demands between litigants involve extensive, mutual, or complicated accounts when it is not clear from the facts alleged in the particular case that the remedy at law is as full, adequate and expeditious as it is in equity" 92 Fla. 246, 253, 109 South. Rep. 577, Campbell v. Knight.

We have examined the bill of complaint and particularly those parts assailed by the appellant in his motion to strike and have come to the conclusion that the chancellor properly denied the motion because they all relate to the phases of the business activity in which both parties to the suit were interested and which was the outgrowth of the original agreement. In fine, we have the conviction that the amended bill of complaint was properly held good against the attacks made on it and on parts of it by the motions; therefore, the ruling of the chancellor is affirmed.

Affirmed.

So ordered.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.