·J. M. D'ESOPO and MARY C. D'ESOPO, trading and doing business in the name of REDDING CORP., FRANK BRYAN and REDDING CORPORATION, v. LOUIS SPATHIS.

| | |
|---|---|
| ·30 So. (2nd) 742 | January Term, 1947 |
| June 3, 1947 | Division A |
| Rehearing denied June 20, 1947 | |

*Ginsberg & Pilafian,* for petitioners.
*Hendricks & Hendricks,* for respondent.

CHAPMAN, J.:

The respondent, Louis Spathis, filed a bill of complaint in the Circuit Court of Dade County, Florida, drafted under Sections 87.01 to 87.12, Fla. Stats. 1941 (FSA), alleging, in part that for three years prior to June 19, 1946, he held a lease and was tenant of the owners of described property situated at 1379 North Biscayne Drive, Miami, Florida; that J. M. D'Esopo and Mary C. D'Esopo purchased the property and Louis Spathis applied to the new owners for a lease (which was refused) at a time when the respondent was in possession as a tenant under the former owner and was then ·operating a business at the above location.

It is alleged that the respondent, Louis Spathis, acquired ·a lease on the property for a period of one year from the new

owner, as evidenced by the owner's letter or written instrument viz:

"June 19, 1946

"Mr. Louis Spathis
1379 North Bayshore Sr.
Miami, Florida
Dear Mr. Spathis:

"As per your conversation with Mr. Pearson, I am sorry but I cannot give you a lease. If you will fix up the store with new awnings, and take care of all the repairs on the property, for one (1) year, I will promise you not to charge you more than $100.00 per month, rental for the store beginning July 15, 1946, for one year.

"I will give you first refusal of the new rental on the store.

"This does not include the lot in the back of the store.

Redding Corp.
Signed   by: Mrs. Mary C. D'Esopo,
Agent."

The bill of complaint alleged that Louis Spathis paid the rents on the aforesaid property for the month of December, 1946, in the sum of $100.00,  and on December 29, 1946, paid through one Frank Bryan to be delivered to the owner the rent for the month of January, 1947, which check was by the owner returned with the note viz:

Feb. 5/47

"Dear Mr. Spattis:

"This morning at 10 A. M. I received your check again. I am sorry but the rent has been paid and Mr. Bryan has a lease for 3 years.

"Enclosed your check to you.

Very truly yours,
Mr. and Mrs. J. M. D'Esopo
for the Redding Corp.
Agent."

Plaintiff alleged that the letter of June 19, 1946, *supra,* gave the repondent the right and privilege to renew his lease on the described property on or before June 19, 1947. The relief sought is an interpretation of respondent's lease dated

June 19, 1946, and the three year lease given to Frank Bryan; that the lease given to Frank Bryan be decreed invalid; that the lease to respondent be decreed to be in full force and effect.

Pursuant to an order of Court the plaintiff below amended his original bill of complaint by striking paragraph 3 and inserting in lieu thereof paragraph "(d)." It is viz:

"(d) In September, 1946, negotiations were entered into between the plaintiff and Mary C. D'Esopo, the duly constituted and acting agent and representative of the Redding Corporation, for a lease to the premises known as 1379 North Bayshore Drive, Miami, Florida, which said lease was to take effect on August 15th, 1946, and terminate on August 14th, 1951, lessee being granted in said lease the option to renew same for a period of five years provided the option was exercised by lessee on or before July 15th, 1951, as more fully set forth in Defendants' Exhibit 1 and Plaintiff's Exhibit 11, which by express reference is made a part of this paragraph and bill of complaint as if set forth in full herein. That the terms of the lease were discussed and fully and mutually agreed upon by the parties thereto. That plaintiff has at all times since said lease was prepared at the instance and direction of Redding Corporation, by and through its authorized agent, Mary C. D'Esopo, been willing, ready and able to duly and legally sign and execute said lease as provided therein and fully and strictly comply with its terms and conditions. That the lessor has from time to time expressed perfect satisfaction with the terms of said lease and avowed its intention by and through its duly constituted agent to execute said lease upon its part, but has neglected to do so. That plaintiff alleges he is entitled to have the lease duly and legally executed by the lessor as agreed to and as prepared at the instance and direction of Redding Corporation. Plaintiff alleges that the Court should direct the lessor to execute the lease as prepared at the instance and direction of lessor, at the expense of lessee in the amount of $78.00, in the event that the said lessor neglects, fails and refuses to execute the said lease and deliver same to plaintiff within a short day named and fixed by the Court, that the Court decree the lease to be duly executed by the lessor to the lessee as fully

and completely as if the lease was duly signed by the lessor and the lessee. Plaintiff further alleges that if he is deprived of the benefit of the lease herein referred to, plaintiff will suffer and sustain a net loss in excess of $2,000.00 per year."

Pursuant to an order of Court the respondent was permitted to amend the prayer of the bill so as to require the Redding Corporation by a decree of the Court to execute and deliver the said lease as described *supra* to the respondent and upon a failure so to do that the Court decree the lease to be a valid, effective and binding obligation between the parties.

Counsel for defendant below filed a motion to strike the amended bill on grounds (1) the amendment states a new or different cause of action; (2) a new party is made defendant; (3) a different lease is being sued upon; (4) the amended bill states conclusions of law; (5) the amended bill is inconsistent with the original bill; (6) the amendments are vague, indefinite and insufficient in law. The Chancellor below denied the order to strike the amended bill and this ruling is challenged here by interlocutory certiorari.

It is our view that the amendment, *supra,* is so repugnant to and inconsistent with the pertinent allegations of the original bill that it would be impossible to make and enter a consistent final decree. There is a well defined limitation on amendments. See Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 So. 801; Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792; Watkins v. Watkins, 123 Fla. 267, 166 So. 577.

The interlocutory writ of certiorari is granted and that portion of the challenged order dated April 15, 1947, which denied the petitioners' motion to strike the amendment to the bill of complaint is quashed with directions that an appropriate order be entered sustaining the motion to strike.

It is so ordered.

THOMAS, C. J., TERRELL and ADAMS, JJ., concur.