## VAN NORMAN *v*. VAN NORMAN.

In Banc. Jan. 24, 1949.

(38 So. (2d) 452)

**R. M. Kelly,** and **Vollor, Teller, & Biedenharn,** for appellant.

**John H. Culkin,** for appellee.

**Montgomery, J.**

Mrs. Marie E. Van Norman filed suit against her husband, G. B. Van Norman, in the Chancery Court of Warren County, praying for separate maintenance and support. On September 19, 1944, a decree was rendered in that cause, in favor of Mrs. Van Norman, fixing her separate maintenance and support at $65.00 per month, and from this decree the husband did not appeal.

On December 30, 1946, G. B. Van Norman filed suit for divorce against his wife, Marie E. Van Norman, alleging in his bill, as grounds therefor, first, that on or about the tenth day of February, 1944, his wife ordered and directed him to leave their home and informed him that she would no longer permit him to remain in their home, or to live therein, and that since said date the parties have not lived together as husband and wife and that said action on the part of the wife constitutes cruel and inhuman treatment and entitles the complainant to a divorce from the defendant. The second ground for divorce alleged in the bill is that on the 19th day of September, 1944, a decree was rendered in the Chancery Court of Warren County, Mississippi, through and by which the said defendant secured separate maintenance and permanent alimony, in the sum of $65.00 per month, and came into possession of property accumulated by and through the joint efforts of complainant and defendant; that at the time said decree was rendered the complainant was led to believe that, in truth and fact, a divorce was being then and there rendered; that it was not for several months thereafter that the complainant ascertained that he, the complainant, was not divorced from the defendant,

but that the order or decree was an agreed decree between counsel for complainant and defendant, which simply ordered complainant to pay to defendant the sum of $65.00 per month as permanent alimony; that said decree was entered without the knowledge of complainant, was not in keeping with his understanding of the matter and that thereafter, on numerous occasions, complainant endeavored to have his attorney of record to correct the prevailing conditions, as he, the complainant, had been ordered to leave the home of the defendant and the said defendant, by reason thereof, was guilty of desertion of the complainant and that said desertion has been wilful, obstinate, and continuous for a period of more than one year and complainant is entitled to be divorced from defendant.

The defendant filed an answer denying she had ever deserted the defendant, averring that complainant had, without just cause, deserted her; had persistently refused to return, notwithstanding appeals made by her to him so to do. The answer also denied that defendant was not fully advised as to the nature of the decree in the separate maintenance and support suit.

On the hearing, the Chancellor granted a divorce to the complainant and relieved him of all liability to the defendant for alimony, separate maintenance and solicitor's fees. From this decree Mrs. Van Norman appeals here.

In support of his claim of misunderstanding as to the nature of the decree in the separate maintenance suit, the appellee offered no testimony except his own and this was very brief. He testified he thought it was a divorce bill but gives no reason for reaching that conclusion. He did not testify as to any misrepresentation or concealment. He admitted he was represented by an attorney, and, when questioned regarding it, by counsel for defendant, the following colloquy occurred: ''When this decree was entered by Judge Williams in that case, what did you think it was? A. What did I think? Q.

Yes. Mr. Chaney: We object to what he thinks. By the Court: Sustained.'' Mr. Chaney was counsel of record for Mr. Van Norman. On the other hand, the attorney, who represented him in the separate maintenance suit, testified without objection, that Mr. Van Norman understood the suit was for separate maintenance and no representations were ever made to him that the suit was one for divorce.

 It is laid down broadly that the jurisdiction and power of a court of equity to relieve against fraud and the legal equivalent thereof as respects judgments and decrees is as ample as it is to set aside a contract or other engagement procured or brought about by like means or under the operation of like circumstances,—the dominant requirements being (1) that the facts constituting the fraud, accident, mistake or surprise must have been the controlling factors in the effectuation of the original decree, without which the original decree would not have been made as it was made; (2) the facts justifying the relief must be clearly and positively alleged as facts and must be clearly and convincingly proved; (3) the facts must not have been known to the injured party at the time of the original decree, and (4) the ignorance thereof at the time must not have been the result of the want of reasonable care and diligence. Griffith's Chancery Practice, Sec. 642, page 745. Hence, the Chancellor erred in relieving the appellee of all liability to the appellant for alimony, separate maintenance and solicitor's fees provided for in the decree in the separate maintenance suit, for the proof of fraud herein is absent from this record, and the Chancellor was manifestly wrong in not so holding.

 The act of alleged cruel and inhuman treatment and the desertion, alleged in the original bill, both occurred or had their origin, prior to the decree in the separate maintenance suit. In Wilson v. Wilson, 198 Miss. 334, 22 (2d) 161, 164, 23 So. (2d) 303, this Court held that a decree in a separate maintenance suit is conclu-

sive, as res adjudicata, in a subsequent divorce suit, so far as concerns any issue which was litigated between the parties in the separate maintenance suit; and that if the issue was decided in favor of the wife in that suit, it bars the husband in any subsequent divorce suit brought by him predicated on facts which were in existence at the time of the maintenance decree and which were put in issue and decided in favor of the wife therein.

The decree in favor of the wife necessarily conclusively settled that the separation was for cause and was without fault on the part of the wife and therefore was not a wilful desertion by the wife, of her husband, and this is the precise issue in the divorce case before us. It also established conclusively that the wife had not deserted her husband at a time prior to the commencement of the suit for separate maintenance and that the husband was not justified in his refusal to live with her on the ground that she was guilty of habitually cruel and inhuman treatment taking place prior to the actual separation and the filing of the separate maintenance suit, and consequently the decree in the separate maintenance suit is res adjudicata and is a bar to the maintenance by the husband of this suit for divorce against the wife. Wilson v. Wilson, supra; Maxey v. Maxey, 152 Miss. 454, 120 So. 179; Rylee v. Rylee, 142 Miss. 832, 108 So. 161; Harding v. Harding, 198 U. S. 317, 25 S. Ct. 679, 49 L. Ed. 1066; Baptist v. Baptist, 130 Fla. 702, 178 So. 846; Merriam v. Merriam, 207 Ill. App. 474; Levine v. Levine, 274 Ill. App. 354; Miller v. Miller, 150 Mass. 111, 22 N. E. 765; Taylor v. Taylor, 72 N. H. 597, 57 A. 654; Tremarco v. Tremarco, 117 N. J. Eq. 50, 174 A. 898, 95 A. L. R. 231; Kelly v. Kelly, 118 Va. 376, 87 S. E. 567, Darden v. Darden, 246 Ala. 525, 21 So. (2d) 549.

The decree of the lower court will be reversed and decree will be rendered here dismissing the original bill of complaint.

Reversed and rendered.