JONES, Justice:
This is a suit under our bastardy proceedings, Mississippi Code Annotated sections 383-01 through 383-27 (Supp.1964), known as the Uniform Act on Paternity.
The proceedings were begun in the County Court of Lauderdale County, Mississippi, and came here by direct appeal from said county court, as provided by Section 383-18, supra.
On June 29, 1964, appellant filed a petition in said county court seeking to have appellee declared the father of one of her three children, she being unmarried. The petition bore her affidavit of the truth thereof.
On August 12, 1964, an order of filiation was entered. The order recited that ap-pellee had been personally served with process and no pleading of any kind had been filed in his behalf; appellee having failed to make any appearance therein, the court said it had considered said petition and sworn testimony, proceeded to adjudicate appellee was the father of said child, and fixed the amount of payment to be paid by him for the support of the child and the expenses incurred by petitioner.
On September 28, 1964, an order was entered headed “Citation for Compt” wherein it was said a motion ore tenus was made reciting that the appellee was in arrears in the payments provided by said order, and that the court heard testimony thereon. It found the appellee was in arrears and judged him in contempt, ordering him confined in jail until he purged himself. Incidentally, there was no petition seeking to have him adjudged guilty of contempt and no process or notice to him of such charge.
On October 8, 1964, appellee filed a petition to vacate the order of filiation in which he alleged that after being served with process he went to see the petitioner, Betty Joe Lawrence, and
“did talk to said petitioner about the process, and the legal proceedings instituted against him, he being innocent of all charges therein, and that the petitioner did advise him that she would withdraw the charges, and she would not appear in Court against him, and that she would contact her attorney and would have him drop all proceedings, and that defendant being innocent, and relying on this statement of the petitioner, did consider the case disposed of, and that he therefore did not confer with an attorney or have any legal representation at the time, and he was not aware of any Court proceeding being held, * * * ”
but on this petition the court entered an order dismissing same on the stated ground that the motion to vacate was improper.
Thereafter, appellee filed a separate suit against appellant seeking to have said order of filiation vacated and set aside on the ground of fraud, fraud being based upon the same allegations of fact charged in the original motion to vacate; and, in addition thereto, appellee sought to recover damages in the amount of $3,000.
*414 To appellee’s declaration a motion to strike parts thereof was filed, and said motion was sustained as to damages, but overruled as to other parts of same. In ruling on the motion to strike, the court ordered that the plaintiff be granted a jury trial to settle the issue as to paternity. The previous order was not set aside, and there was no hearing on the question of fraud. Thereafter, appellant filed an amendment to her answer and incorporated therein a general demurrer. This demurrer was overruled. Then when the court ordered the matter to trial, it advised appellant that the burden of proof was upon appellant to prove the paternity of the child. Her attorney protested that the burden of proof was not upon appellant, since this was a suit to set aside a former judgment and not a suit to decide a paternity. The jury was dismissed, and the court entered judgment for appellee.
A court of law at a subsequent term can set aside a judgment obtained by fraud. Rockett v. Finley, 183 Miss. 308, 184 So. 78 (1938).
The party seeking to vacate a judgment on the ground of fraud must allege facts constituting the fraud and clearly and convincingly prove them, and he must show that he was not guilty of lack of reasonable care and diligence. Van Norman v. Van Norman, 205 Miss. 114, 38 So.2d 452 (1949).
This is in accord with the general rule.
In 49 C.J.S. Judgments § 271 at 490-491 <(1947) it is stated:
“Where there was * * * a promise of plaintiff that he would not press the case to judgment, in violation of which plaintiff, without notice to defendant, secures a judgment against the latter in his absence, it is good ground for vacating the judgment. However, the agreement or promise must have been explicit, and ■of such a character that defendant could rely on it and remain inactive without being thereby chargeable with negligence or lack of due diligence in guarding his own interests. * * * ”
The petition and exhibits filed in this cause show that the appellant had charged in a sworn complaint that appellee was the father of her child. He, appellee, was asserting his innocence of such fact. If he were innocent, then he knew appellant was a woman that could not be believed, and he was guilty of lack of reasonable care in relying upon her promise. Also, he failed to follow up or ascertain whether she had done as she had promised. This was certainly a lack of diligence on his part. The court found in one of the orders, on sworn evidence, that defendant was a man of some education and a salesman, and the pleadings on their face show he was lacking in diligence and reasonable care. The general demurrer should have been sustained
Some mention is made of Section 383-05, supra, in which it is provided,
* * * The court has continuing jurisdiction to modify or revoke an order and to increase or decrease amounts fixed by order for future education and necessary support and maintenance. * * *
This can have no reference to a final order establishing paternity. Such an order, when it becomes final, occupies the same status as any other final judgment and is only subject to being set aside, vacated, or annulled under the same circumstances and for the same reasons as apply to judgments generally.
The case is reversed, and all proceedings in this record subsequent to the order of filiation (other than the contempt order which is not before us) are vacated and held for naught, and the order of filiation is reinstated.
Reversed.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.