366 So.2d 465 (1979)
TOUCHE ROSS & COMPANY, Appellant,
v.
SUN BANK OF RIVERSIDE and Sun Bank of Midtown, Appellees.
No. 77-2465.
District Court of Appeal of Florida, Third District.
January 2, 1979.
Rehearing Denied February 5, 1979.
*466 Berkowitz, Lefkovits & Patrick, Birmingham, Ala., Kelly, Black, Black & Earl, Daniels & Hicks and Mark Hicks, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Fowler, White, Burnett, Hurley, Banick & Knight and Henry Burnett, Miami, for appellees.
Before BARKDULL and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
BARKDULL, Judge.
Touche Ross & Company, defendant-third party plaintiff in the trial court, appeals an order dismissing its third party complaint against the appellees, based on a theory of contribution. The appellees cross-assign as error the failure of the trial court to dismiss that count in the third party complaint seeking indemnity against them.[1]
*467 Cedars of Lebanon Hospital, the original plaintiff in the trial court [not a party to this appeal], filed an action for damages against Touche Ross based upon an alleged breach of duty in providing accounting services to the hospital. Touche Ross was retained by the hospital as its independent accountants and auditors for the years in question. The latter had the duty of auditing the financial statements of the hospital and advising the hospital of any problems discovered in the course of those audits.
During the period in question, Sanford Bronstein, Chief Executive Officer of Cedars, was engaged in the fraudulent misappropriation of assets belonging to the hospital. Bronstein was later charged and convicted of embezzling in excess of $850,000.00 from Cedars.[2] Touche Ross was sued by the hospital for failing to discover that Bronstein was engaged in criminal acts to defraud the hospital. Touche Ross, in turn, filed a third party complaint against the appellees, charging them with intentional participation and aid in the fraudulent scheme of Bronstein. The appellee banks held the principal accounts of the hospital, and it was alleged that Bronstein could not have wrongfully appropriated the monies from those accounts without the cooperation of the banks.
An amended third party complaint by Touche Ross contained two counts against the banks: one for contribution and one for indemnity. The banks moved to dismiss the entire third party complaint. The trial court granted the banks' motion as to the contribution claim and dismissed that claim with prejudice, and denied the motion to dismiss as to Touche Ross' indemnity claim. Touche Ross appeals the dismissal of its claim for contribution with prejudice. The banks cross-assign the failure to dismiss the claim for indemnity.
We affirm upon the authority of VTN Consolidated, Inc. v. Coastal Engineering Associates, Inc., 341 So.2d 226 (Fla. 2d DCA 1976), cert. denied 345 So.2d 428 (Fla. 1977), which clearly recognizes the inapplicability of the facts sub judice in the following manner:
* * * * * *
"The doctrine of contribution is one of equality in bearing a common burden. "In Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975), the Supreme Court set forth the rationale behind the majority of states receding from the principle of no contribution when it stated, on page 390:
`The rationale for this change of view is generally explained that principles of justice require that in the case of a common obligation, the discharge of it by one of the obligors without proportionate payment from the others, gives the latter an advantage to which he is not equitably entitled. * * *'
"Further, in order for an additional defendant to be brought in as a party, the claim for contribution must be related to the original cause of action  it must arise out of the same transaction or series of transactions. 18 Am.Jur.2d, Contribution, Sec. 73. It can hardly be said that VTN and COASTAL are liable under the same set of circumstances, let alone a series of circumstances, nor do they share a common burden."
* * * * * *
Clearly, Touche Ross and the banks are not exposed to Cedars "under the same set of circumstances * * * nor do they share a common burden." Obviously, the duty and conduct of the banks in their relationship to Cedars is totally separate and apart in time and substance from that owed to Cedars by Touche Ross.
Whereas it may be argued that portions of the dollar damages sustained by Cedars arising out of the alleged conduct of both *468 Touche Ross and the banks overlap, it is clear that such damages were in no way the result and/or outcome of either joint or concurrent actions on the part of the parties hereto. It is readily apparent that Touche Ross contends that the banks are responsible for having permitted the dollar loss through negotiation and honoring of the involved checks, while it patently appears that Touche Ross is exposed to responsibility not as a result of permitting the aforesaid loss and/or even causing the aforesaid loss but in failing to discover the aforesaid loss. There is neither joint nor concurrent tortious action in the conduct giving rise to the alleged damages nor is there a joint or concurrent loss as a result of the alleged conduct.
Therefore, for the reasons above stated, the order under review by the appeal of Touche Ross & Company be and the same is hereby affirmed. The cross-assignment of error be and the same is hereby stricken without prejudice to the appellees to raise said issue in subsequent proceedings to final judgment.
Affirmed.
NOTES
[1] Cross-assignment of error is not permitted in this instance, this being a common law case. See: McEwen v. Growers Loan & Guaranty Co., 116 Fla. 540, 156 So. 527 (1934); Barry v. Willard, 117 Fla. 236, 157 So. 669 (1934). In response to this court's request for additional briefs on the question of the jurisdiction of this court to review an order of the trial court dismissing with prejudice one count of a multicount complaint, all parties to this appeal argue in favor of its being appealable. They take the position that pursuant to Duncan v. Pullum, 198 So.2d 658 (Fla. 2d DCA 1967) and Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla. 1974) and their progeny that indemnity and contribution are totally separate and distinct legal doctrines, neither of which is interdependent upon the other and, therefore, appealable. This legal distinction between indemnity and contribution is recognized in Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977) and Firestone Tire and Rubber Company v. Thompson Aircraft Tire Corporation, 353 So.2d 137 (Fla. 3d DCA 1978). It appearing that the counts are based on a different factual basis, we have determined to entertain this appeal.
[2] Bronstein v. State, 355 So.2d 817 (Fla. 3d DCA 1978).