SCHWARTZ, Judge.
The appellants were the defendants in an action to foreclose the second mortgage they had given the plaintiff below, A. M. Grobard. They asserted a third-party action against Home Federal Savings and Loan Association, the first mortgagee, claiming that it had interfered with the defendants’ relationship with Grobard, thus resulting in their failure to pay the second mortgage and the consequent default. In the order now on appeal, the trial judge dismissed the third party complaint on the ground that Home Federal “is not a proper or necessary party to this action.” We affirm.
Home Federal was not, as Fla.R.Civ.P. 1.180(a) requires for the impleading of a third party defendant:
“. . . a person not a party to the action who is or may be liable to [the original defendant] for all or part of the plaintiff’s claim against him.” [emphasis supplied]
It seems plain that Home could not be liable to the second mortgagees for full or partial payment of the second mortgage obligation *724 which Grobard originally sued upon. Any liability owed by Home to the original defendants may therefore be asserted only in a separate action. See Touche Ross & Co. v. Sun Bank of Riverside, 366 So.2d 465 (Fla. 3d DCA 1979); VTN Consolidated, Inc. v. Coastal Engineering Associates, Inc., 341 So.2d 226 (Fla. 2d DCA 1976), cert. denied, 345 So.2d 428 (Fla.1977); Southeast Mortgage Co. v. Mullins, 514 F.2d 747 (5th Cir. 1975).
Affirmed.