534 So.2d 1203 (1988)
Rafael ESCANDAR, Appellant,
v.
SOUTHERN MANAGEMENT AND INVESTMENT CORPORATION, Appellee.
No. 87-2024.
District Court of Appeal of Florida, Third District.
November 22, 1988.
Rehearing Denied January 11, 1989.
*1204 Segall & Gold and Norman Segall, Coral Gables, for appellant.
Freeman & Neufeld and Sanford Freeman, Miami, for appellee.
Before BARKDULL, DANIEL S. PEARSON, and JORGENSON, JJ.
BARKDULL, Judge.
The appellant and certain principals of the appellee, Southern, entered into a joint venture agreement to erect and operate a shopping center on property owned by the appellant. The appellee entered into a written agreement to market and manage the center.[1]
After the center opened the appellant elected, pursuant to terms of the joint venture agreement, to buy out his partners. He took an assignment of the joint venture rights and responsibilities under the management agreement with Southern in his individual name.
Shortly after he acquired 100% of the joint venture agreement and the assignment by written notice, he terminated the management agreement, allegedly for cause, to wit: improper management and improper accounting of receipts and disbursement.
The appellee then commenced a breach of contract action against the appellant as the successor in interest to the joint venture and as assignee of the management agreement. This complaint was ultimately met by an answer and a counterclaim, alleging a breach of management agreement, and sought damages for breach of contract, for breach of fiduciary relationship, for conversion, and treble damages pursuant to Section 812.035(7), Florida Statutes (1985).
Subsequently, Southern filed a declaratory petition seeking a determination that certain of its rights under the management contract were to continue, notwithstanding the notice of termination.
At a jury trial the trial court refused to permit the appellant to put in evidence of alleged damages which occurred prior to the date that he acquired 100% of the joint venture and received the assignment of the rights and responsibilities under the management agreement.
The jury returned a verdict for the defendant, Escandar, on the main complaint and rendered a verdict in favor of him as counter-plaintiff on his counterclaim. Thereafter the trial court entered a judgment NOV for the original plaintiff, Southern, on the counterclaim and adverse to Southern on its declaratory action.
Southern appealed the final judgment on its complaint, which was subsequently dismissed. The defendant-counterclaimant filed the instant appeal contending primarily that the trial court erred in denying him the right to present evidence of breach of the management contract that occurred prior to the date he purchased the interest of his co-venturers in the joint venture and the date he received the assignment of the management contract. The appellant at all times was at least a 50% owner of the joint venture and after he bought out his two co-venturers, he owned 100% of the joint venture. At the closing he also received an absolute assignment of the "Management Agreement", which states in part, that:

*1205 "The undersigned, HARBOUR VIEW ASSOCIATES, LTD., a Florida limited partnership (the "Assignor"), ... hereby assigns to RAFAEL ESCANDAR (the "Assignee") all of Assignor's right, title and interest in and to that certain management agreement (the "Management Agreement") made by and between Southern Management and Investment Corp., a Florida corporation, and Rafael Escandar and Harbour View Associates, Ltd., a Florida limited partnership, as Joint Venturers d/b/a Harbour View of Miami Joint Venture, dated as of the 30th day of December, 1982, ..."[2]
By virtue of the assignment he could pursue any cause of action for breach of the management agreement. A.E. Melton and Franklin Investment Company v. Michigan Trust Company, 93 Fla. 64, 111 So. 513 (1927); Fred S. Conrad Construction Company v. Exchange Bank of St. Augustine, 178 So.2d 217 (Fla. 1st DCA 1965); 4 Fla.Jur.2d, Assignments § 16; Section 68.06 Florida Statutes (1983). As the surviving member of the joint venture, he would also have a right to pursue any cause of action belonging to the joint venture, subject in both instances to any defenses available to the management company, either against the joint venture or as to him, individually, either as the successor in interest or by assignment. Therefore this cause is remanded to the trial court for trial on all issues as made by the counterclaim, answer[3] and affirmative defenses thereto.[4]
Reversed and remanded with directions.
NOTES
[1] This agreement created a multitude of reciprocal duties and responsibilities, some of which were fiduciary in nature and required periodic accounting by Southern.
[2] We recognize that a contract for personal services is not assignable without consent of all the parties. However, in the instant case, we are dealing with a corporate responsibility which can be performed by anyone within the corporation. Therefore, the contract does not constitute a contract for personal services, and is assignable.
[3] While the pleadings attempt to raise several issues framing the action as one seeking damages, in actuality the salient facts show that this is a classical case for accounting.
[4] Accounting suits may be prosecuted at law Campbell v. Knight, 92 Fla. 246, 109 So. 577 (1927); Sodikoff v. Allen Parker Company, 202 So.2d 4 (Fla. 3d DCA 1967), but they are generally considered as equitable matters. R.O. Holton & Company v. Hull, 140 Fla. 687, 192 So. 229 (1939); Riggs v. Saltmarsh, Cleaveland and Gund, 341 So.2d 818 (Fla. 1st DCA 1977).